MARY S. PRUNEAU v. CHARLES R. SANDERS, JR.

No. 7510DC65

(Filed 7 May 1975)

1. **Divorce and Alimony § 23— separation agreement — agreement to use alimony for child support**

   Where, in a separation agreement entered by the parties, defendant agreed to pay plaintiff alimony of $15,000 per year until her remarriage and $5,000 per year after her remarriage, and plaintiff agreed to use the benefits received under the agreement for the support of the two children of the parties, plaintiff is obligated to apply toward support of the children the amount remaining after taxes of the $5,000 she is now receiving annually from defendant.

2. **Divorce and Alimony § 23— modification of child support — changed circumstances**

   There was sufficient showing of changed circumstances to support an increase in the amount of child support ordered by a Virginia decree where plaintiff's evidence tended to show that plaintiff and her children moved from a house in Virginia in which plaintiff owned a life estate to a house in this State which plaintiff has purchased and on which she is making mortgage payments of $260 per month, that money she receives under a separation agreement has decreased, and that the costs of the children's food, clothes and other needs have increased.

Pruneau v. Sanders

3. **Divorce and Alimony § 22— jurisdiction to modify foreign child custody order**

    By virtue of the physical presence of children within this State, the district court had jurisdiction, upon a proper showing, to modify a Virginia child custody decree. G.S. 50-13.5(c)(2); G.S. 50-13.7(b).

4. **Divorce and Alimony § 24— modification of child visitation privileges**

    The trial court did not err in modifying a Virginia child custody decree which established no visitation schedule for the father by providing for the time, place and conditions under which the father's visitation privileges may be exercised.

APPEAL by defendant from *Winborne, Judge.* Judgment entered 4 September 1974 in District Court, WAKE County. Heard in the Court of Appeals on 21 March 1975.

This is a civil action instituted by plaintiff, a former wife of defendant, asking the court to (1) modify the provisions of a divorce decree and a custody and visitation order entered by courts of Virginia, and (2) "enter an order providing for the full and adequate support" of two minor children of the parties. Defendant answered praying for specific performance by plaintiff of various particulars specified in a separation agreement entered into by the parties prior to their divorce; for periodic accounting of funds placed in plaintiff's hands by defendant in trust for the minor children; and for a more definitive visitation schedule.

Plaintiff and defendant were married 7 September 1957. Two children were born of the marriage—the older son was born on 17 May 1960, and the younger son was born on 31 August 1962. Plaintiff and defendant were divorced on 28 May 1971, and custody of the minor children was awarded to the plaintiff.

Prior to the entry of the divorce decree, plaintiff and defendant entered into a separation agreement which is made a part of the complaint, pertinent parts of which will be referred to in the opinion.

By its final divorce decree of 28 May 1971, the Circuit Court of Halifax County, Virginia, ratified, approved, and made a part of the decree the terms and conditions of the separation agreement, and directed the parties to abide by the terms thereof. On 22 July 1972, defendant remarried and is now living with his present wife in St. Augustine, Florida.

On 31 May 1973, the Juvenile and Domestic Relations Court for the County of Halifax, Virginia, entered an order providing defendant with certain visitation rights.

On 8 June 1973, plaintiff remarried and is now living with her present husband in Raleigh, North Carolina.

On 4 September 1974, the trial court entered an order modifying previous orders with respect to defendant's visitation privileges, and requiring defendant to pay into the office of the Clerk of Superior Court of Wake County the sum of $650.00 per month, said funds to be disbursed to, and used by, plaintiff for the support and maintenance of the children.

Defendant appealed.

*Bernard A. Harrell, for plaintiff appellee.*

*Maupin, Taylor & Ellis, by Richard C. Titus, for defendant appellant.*

MARTIN, Judge.

Defendant assigns as error the following conclusion of law:

"That the amounts currently being paid to the plaintiff under a separation agreement executed by the parties are, by the wording of the agreement and by treatment of the parties, alimony payments and the plaintiff is not obliged as such to apply the same to the support of the minor children. Conversely, the defendant cannot contract away his obligation to support his minor children, and, to the extent the agreement seeks to foreclose the courts from consideration of child support, it is unenforceable."

We think the assignment has merit.

In *Lane v. Scarborough,* 284 N.C. 407, 409, 200 S.E. 2d 622 (1973), the Court said:

"Questions relating to the construction and effect of separation agreements between a husband and wife are ordinarily determined by the same rules which govern the interpretation of contracts generally. Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution. (Citations omitted.)"

The heart of a contract is the intention of the parties. This intention is to be gathered from the entire instrument, viewing it from its four corners. *Jones v. Realty Co.*, 226 N.C. 303, 37 S.E. 2d 906 (1946).

The deed of separation involved in the instant case provides in pertinent part:

"7. The party of the first part agrees to pay to the party of the second part as alimony the sum of Fifteen Thousand Dollars ($15,000.00) per year until she re-marries, or until the aforesaid date of August 31, 1980, whichever shall first occur. In the event of re-marriage by the party of the second part before August 31, 1980, the party of the first part shall pay to the party of the second part alimony in the amount of Five Thousand Dollars ($5,000.00) per year until August 31, 1980. The party of the first part shall not be required to pay any alimony after August 31, 1980.

8. The sum of Twenty Thousand Dollars ($20,000.00) has been made available to the party of the second part by the party of the first part as a fund to provide for the college education of the children born to the parties hereto. Said childlren are Drury C. Sanders born May 17, 1960 and Robert D. Sanders born August 31, 1962. Said sum of $20,000.00 is to be invested by the party of the second part in bonds or other safe securities, and is to be used for the sole and single purpose of providing for the college education of said children, with one-half thereof being held for the benefit of each child. If either child fails to use his Ten Thousand Dollars and the income therefrom, for such educational purposes, the balance shall be paid to him upon his 23rd birthday.

9. The party of the second part has withdrawn the sum of Fifteen Thousand Dollars ($15,000.00) from funds belonging to the party of the first part, which sum she shall be permitted to retain and use as she desires.

10. The party of the first part has a contractual arrangement with Memphis State University, under which he expects to receive the sum of approximately Thirty Thousand Dollars ($30,000.00) on or about July 1, 1971. He will retain 3/4 of the aforesaid amount paid under said contract,

and will have 1/4 thereof paid to the party of the second part, which payment shall be in addition to the alimony paid for this year, and which amount will be kept and invested by her as she deems best to be used by her for future needs.

11. The party of the first part has a contractual arrangement with the Tampa Public Library under which he is entitled to receive approximately Twenty Thousand Dollars ($20,000.00) upon receipt of the amount due under said contract, he will retain 1/2 for himself, and will give 1/2 thereof to the party of the second part in addition to any alimony paid in any year, which amount will be kept and invested by her as she deems best to be used by her for future needs.

\* \* \*

15. The party of the second part agrees to use the benefits that she receives under this contract, or so much thereof as is necessary or needful, for the support, maintenance, and education of the said two children born to the parties hereto and she agrees that with the alimony and other benefits that she receives under the terms of this contract she will provide all of the support, maintenance and education that may be needed or proper for said children without contribution from the party of the first part, and in consideration of the terms and provisions of this contract, the party of the second part hereby agrees to indemnify and save the party of the first part harmless from liability . . . responsibility for the support, maintenance and education of said children, except for . . . obligations assumed under this contract. If the party of the second part fails to comply with the terms of this paragraph of this contract, from and after the time of such failure there shall be no further obligation on the part of the party of the first part under . . . contract."

[1]   It appears to be undisputed that defendant is paying plaintiff $5,000.00 per year as provided in Paragraph 7 of the agreement. The court found that the amount necessary to cover the reasonable monthly needs of the children for food, school, allowances, dental and medical expenses, clothing, laundry and cleaning, utilities, transportation, shelter ($100.00), recreation, and miscellaneous is $650.00 and ordered defendant to pay that

amount. While we agree with the court's conclusion that defendant cannot contract away his obligation to support his children, and by an agreement cannot foreclose the courts from consideration of child support, we disagree with the conclusion that plaintiff is not obligated to contribute, from the $5,000.00 paid her annually by defendant, to the support of the children.

In 2 Lee, N. C. Family Law, § 188, page 393, we find: "Although the law imposes upon the husband a legal obligation to support his wife, the majority view is that it is not contrary to public policy for a separation agreement, otherwise valid, to provide that the wife releases all her rights to support other than as expressly provided for in the agreement. This is also the law of North Carolina."

In executing the separation agreement, plaintiff released all her rights of support from defendant except as provided in the agreement. Now that she has remarried, we think she is obligated by the agreement to apply all of the $5,000.00 received annually from defendant, except as hereinafter stated, to the support and maintenance of the children. In the event she has to pay income tax on the $5,000.00, then the portion over and above the tax should be applied to the support of the children.

[2] Next, defendant contends the court erred in holding that there had occurred substantial changes in the circumstances affecting the welfare of the minor children which would warrant modifying the Virginia order of 28 May 1971 by increasing defendant's payments to plaintiff. We disagree. G.S. 50-13.7(b) provides:

"When an order for custody or support, or both, of a minor child has been entered by a court of another state, a court of this State may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order for support or custody which modifes or supersedes such order for custody or support."

The evidence for the plaintiff tends to show that since the date of the separation agreement the plaintiff and children have moved from their home in Halifax, Virginia, a house in which plaintiff owned a life estate, to a house in Raleigh which plaintiff has purchased and on which she is making mortgage payments of $260.00 per month exclusive of taxes and insurance; that the money she received from the separation agreement has

decreased; and that costs of their food, clothes and other needs have increased.

We hold that there was a sufficient showing of changed conditions for the trial court to modify previous orders.

Finally, defendant assigns as error the court's order regarding visitation rights. He argues that the court erred in concluding that the best interest of the minor children warranted substantial reduction of defendant's visitation rights accorded him by the Virginia order of 31 May 1973.

[3] By virtue of the physical presence of the children within the boundaries of this State, the district court has jurisdiction, upon a proper showing, to modify the Virginia decree as it pertains to the custody of the children. G.S. 50-13.5(c)(2) and G.S. 50-13.7(b). Of course, a change in circumstances must be shown before an order relating to custody, support or alimony may be modified. *Rothman v. Rothman,* 6 N.C. App. 401, 170 S.E. 2d 140 (1969). The welfare of the children in controversies involving custody is the polar star by which the courts must be guided in awarding custody.

We realize that custody cases often involve difficult decisions. However, it is necessary that the trial judge be given wide discretion in making his determination for "the trial judge has the opportunity to see the parties in person and to hear the witnesses." *Greer v. Greer,* 5 N.C. App. 160, 167 S.E. 2d 782 (1969). "If the evidence supports the findings of fact by the trial court and those findings of fact form a valid basis for the conclusions of law, the judgment entered will not be disturbed on appeal." *Paschall v. Paschall,* 21 N.C. App. 120, 203 S.E. 2d 337 (1974).

[4] In the present case the trial court concluded that since the entry of the Virginia order relating to custody "there have been substantial changes in the circumstances which materially affect the welfare of the minor boys and in particular relating to the visitation by the defendant". The court did not find that the father by his conduct had forfeited his right of visitation, but instead it established the time, place, and conditions under which the father's visitation rights may be exercised. It is evident that the absence in the Virginia decree of an established visitation schedule intensified the divisiveness between the parents. The trial court's findings of fact in this respect were sup-

---

Waff Bros., Inc. v. Bank

---

ported by the evidence and formed a valid basis for its conclusions and order.

For the reasons stated, that portion of the order requiring defendant to pay $650.00 per month beginning 1 October 1974 for the support of the children, and that portion requiring him to pay $1,300.00 for June and July 1974, are vacated, and this cause is remanded for further proceedings on the question of support for the children. Since the trial court has determined that the children reasonably need $650.00 per month for their support and maintenance, no further findings on that point will be necessary. The court will determine the amount of income tax, if any, that plaintiff is required to pay on the $5,000.00 which she receives from defendant annually. The court will then enter its order for support of the children, giving defendant credit for that part of the $5,000.00 paid plaintiff annually and remaining after payment of income tax thereon.

With respect to defendant's visitation privileges, the order is affirmed.

Remanded.

Judges BRITT and HEDRICK concur.