CYNTHIA HANSEN NORTON (NOW HANSEN-BARLOW) v. HAROLD O. NORTON

No. 8421DC971

(Filed 6 August 1985)

1. **Divorce and Alimony § 24.9— modification of child support—reasonable needs of child—abilities of parties to pay—insufficient evidence in findings**

The trial court erred in reducing the amount of the father's child support payment after custody of one child was transferred from the mother to the

father where the father presented no evidence and the court made no findings concerning the reasonable needs of the child whose custody remained with the mother, and where there was inadequate evidence and no findings concerning the incomes, estates and present reasonable expenses of the parties.

**2. Divorce and Alimony § 27— attorney fees—modification of child custody and support—inadequate findings**

The trial court erred in awarding the mother attorney fees for a child custody and support modification hearing and two subsequent child support modification hearings where the court's order contained no findings as to the wife's good faith, and the court's finding as to the wife's insufficient means to defray expenses was not supported by competent evidence. G.S. 50-13.6.

**3. Divorce and Alimony § 27— child custody and support modification agreement —attorney fees precluded by consent judgment**

The mother was not entitled to an award of attorney fees for a 1983 child custody and support modification hearing where the parties, in a prior consent judgment, had agreed to be individually responsible for their own attorney fees in subsequent proceedings unless the father "fails to duly perform his financial and other obligations to the [mother] hereunder," in which case the father is to indemnify the mother for any resulting expenses, including attorney fees, and where the mother has not alleged any violation of visitation privileges or a child support arrearage which would activate the indemnity provision of the consent judgment.

**4. Divorce and Alimony § 27— child support modification hearings—mother not entitled to attorney fees under prior consent judgment**

The mother was not entitled to an award of attorney fees for two 1984 child support modification hearings under the terms of a consent judgment providing that the parties would be individually responsible for attorney fees but requiring the father to indemnify the mother for such fees if he failed to perform his financial and other obligations to the mother and, as a result thereof, the mother incurred any expenses to collect the same, where the mother's expenses were engendered by the father's motion to reduce child support, the arrearage originally alleged in the mother's countermotion to increase child support was never proven, and a stipulated arrearage was a byproduct of the trial court's calculations to reduce the husband's child support payments rather than the basis for a collection action by the mother.

APPEAL by defendant from *Alexander, Judge.* Order entered 7 May 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 18 April 1985.

*D. Blake Yokley for plaintiff appellee.*

*Victor M. Lefkowitz and David B. Freedman, for defendant appellant.*

BECTON, Judge.

This case deals with a court-ordered child support modification and the award of attorney's fees in child custody and support matters.

On 21 February 1978 the parties entered into a consent judgment that awarded the plaintiff mother custody of the parties' children, Keely Christine Norton, born 19 November 1970, and Corey Andrew Norton, born 23 March 1972, and ordered the father to pay $1,050 in child support monthly. In 1981 the father filed motions for change of custody and for a reduction in child support. In its 15 October 1981 order the trial court denied a change in custody while granting a reduction in monthly child support to $917.00. The trial court found as fact that the mother, who had been unemployed at the time of the consent judgment, now earned "somewhat less than $9,000.00 per year," and was therefore capable of contributing $113 monthly to support the minor children. It further found that (1) Keely's present need for maintenance and support was $527.00 per month; (2) Corey's present need was $503.00 per month; and (3) the father presently "earns in excess of $70,000 gross per year. The [father] has a take home pay of approximately $4,700.00 per month after taxes. The [father] has large debts which were incurred before and after separating from the [mother]." No specific findings were made on the parties' expenses or estates. Evidently, neither party appealed from the 15 October 1981 order.

On 9 December 1983 the trial court granted the father's motion for a transfer in custody of the older child, Keely, as of the end of January 1984. On 7 May 1984 the trial court ordered a reduction in the father's child support payments to $700 per month for the younger child, Corey, and the payment of $2,705.97 to the mother for necessary and reasonable expenses, including attorney's fees incurred from a November 1983 custody and support hearing until the present. Moreover, it ordered the mother to pay the father $100 per month towards the support of both minor children. The father appeals from the 7 May 1984 order.

The father questions the sufficiency of the findings of fact supporting the child support modification and the award of attorney's fees for the November 1983 custody and support hearing,

the 13 February and the 9 April 1984 support hearings. We re-
verse on both issues.

I

*Child Support Modification*

**[1]**   Under the terms of the original 21 February 1978 consent
judgment and the modifying 15 October 1981 order, the father
was ordered to make a monthly lump sum support payment for
the two minor children. After transfer of the custody of the older
child, Keely, to the father in 1984, the father moved for a reduc-
tion in child support. N.C. Gen. Stat. Sec. 50-13.7 (1984) provides
that a court order awarding child support "may be modified or
vacated at any time, upon motion in the cause and a showing of
changed circumstances. . . ." As this Court emphasized in *Gates
v. Gates*, 69 N.C. App. 421, 317 S.E. 2d 402 (1984), *aff'd per
curiam*, 312 N.C. 620, 323 S.E. 2d 920 (1985), the trial court need
not order a reduction in child support, if the present needs of the
minor child, who continues to be covered by the court order — in
this case, Corey — warrant the full amount originally allocated for
both children.

Thus, a trial court must determine the present reasonable
needs of the subject minor child, before ordering a modification in
child support. *Newman v. Newman*, 64 N.C. App. 125, 306 S.E. 2d
540, *disc. rev. denied*, 309 N.C. 822, 310 S.E. 2d 351 (1983); *Daniels
v. Hatcher*, 46 N.C. App. 481, 265 S.E. 2d 429, *disc. rev. denied*,
301 N.C. 87, --- S.E. 2d --- (1980). To properly determine the
child's present reasonable needs, the trial court must hear
evidence and make findings of specific fact on the actual past ex-
penditures for the minor child, the present reasonable expenses
of the minor child, and the parties' relative abilities to pay.
*Newman v. Newman*. The evidence of actual past expenditures is
essential to the trial court's proper determination of the child's
present reasonable needs.

Applying the above criteria to the 7 May 1984 order and the
record before us, we conclude that the trial court had insufficient
evidence of Corey's actual past expenditures to make the requi-
site specific finding of fact on actual past expenditures. In fact,
the trial court omitted the requisite finding from its order. It
merely found that Corey's present needs were $700. The father

contends that "there was no explanation as to how the Court arrived at the monthly sum of $700. . . ." That is true. Unfortunately, the trial court was compelled to speculate as to Corey's present needs, because it was presented with insufficient evidence of the actual past expenditures.

At the April 1984 hearing that resulted in the 7 May order, the trial court heard evidence from both parties. Only the mother presented evidence on Corey's expenses. She submitted an affidavit of Corey's monthly expenses for the years 1981 and 1984. Actual monthly expenditures for 1981 totalled $603. Estimated expenses for 1984 were $1,000. Significantly, no evidence of actual past expenditures for the interim years 1982 and 1983 appears in the record.

We note at this juncture that the trial court was ruling on the father's motion to reduce child support and the wife's counter-motion to increase child support. Thus, each party had the burden of proving a substantial change in circumstances to gain a modification. G.S. Sec. 50-13.7 and cases cited (1984); *Daniels v. Hatcher*. Here, the trial court granted the father's motion without sufficient findings of fact supported by competent evidence. However, the father did not provide the required evidence. Consequently, the father has failed to carry his burden of proof. G.S. Sec. 50-13.7 and cases cited (1984). We therefore reverse the 7 May 1984 modification and reinstate the $917.00 monthly child support payment due under the 15 October 1981 order retroactive to 1 February 1984, the modification date stated in the 7 May 1984 order.

This case is distinguishable from *Daniels v. Hatcher*, in which this Court remanded the child support modification cause to the trial court to make the requisite specific findings from the evidence in the original record. The moving party had carried its burden of proof; the record was "replete with evidence" comparing the children's needs and expenses at frequent intervals from the time of the consent order to the present. The error lay instead with the trial court. It had not made the necessary findings.

An additional ground for reversal exists — the inadequate evidence and findings of fact necessary for a determination of the parties' relative abilities to pay. The trial court made one finding on the parties' extremely disparate annual gross incomes, before

determining that the father was able to pay $700 per month and the mother was able to reimburse him $100. The father argues that the trial court "appears to have looked only at the parties' gross income when setting the amount of child support." The trial court found the father earns in excess of $120,000 per year in gross income, while the mother's annual gross income is $10,-891.97. The father relies on *Walker v. Tucker*, 69 N.C. App. 607, 317 S.E. 2d 923 (1984) for the proposition that the trial court must make findings of fact on the parties' living expenses as well. The father asserts in his brief that his testimony and affidavits show that "his expenses exceeded his income and that he had only $900.00 per month to pay for food, clothing, gas, utilities for himself and five other members of his family." We agree with the father that the requisite finding on the parties' present expenses is lacking. However, no evidence of the wife's present reasonable expenses appears in the record. Similarly, evidence of the parties' "estates (e.g. savings, real estate holdings, including fair market value and equity; stocks; and bonds)," *Newman v. Newman*, 64 N.C. App. at 128, 306 S.E. 2d at 542, is lacking. We reiterate that evidence of, and findings of fact on, the parties' income, estates, and present reasonable expenses are necessary to determine their relative abilities to pay. *Id.* It is apparent from the record that the father, at least, has an estate. Although in his affidavit he denied owning stocks, bonds, or real estate, his affidavit lists two mortgage payments under monthly expenses and his testimony reveals direct payroll withdrawals of $50 per month for bonds and $100 per month for stock. The evidence, however, is insufficient to support specific findings on either party's estate.

## II

### *Attorney's Fees*

In the 7 May 1984 order the trial court awarded the mother $1,500 in attorney's fees for representation in connection with the 21 November 1983 hearing, the 13 February 1984 hearing, and the 9 April 1984 hearing. The husband argues that the award of attorney's fees was improper. We agree.

The November 1983 hearing dealt with the father's 4 November 1983 motions for a change in custody of the older child, Keely, and a consequent reduction in child support. In her 14 November 1983 countermotion the mother asked the trial court to increase

child support and to charge all costs and expenses, including attorney's fees, to the father. The trial court did not rule on her request for costs and expenses in its 9 December 1983 or its 16 February 1984 orders.

At the 13 February 1984 hearing on the father's 23 January 1984 motion to reduce child support and the wife's 6 February 1984 countermotion to increase support, the matter was continued for hearing on 9 April 1984.

Finally, in the 7 May 1984 order resolving the motions argued at the 9 April hearing, the trial court found that the mother had insufficient means to defray the expenses of the hearings from November 1983 until the present and awarded her $2,705.97 for necessary expenses. One thousand five hundred dollars of the necessary expenses were allotted for legal services.

[2]   The 7 May 1984 order contains no finding on the wife's good faith. Nor is the finding on the wife's insufficient means to defray expenses supported by competent evidence. Thus, the 7 May 1984 order fails to meet the statutory requirements of N.C. Gen. Stat. Sec. 50-13.6 (1984), for the same reasons discussed in *Brower v. Brower*, 75 N.C. App. 425, 331 S.E. 2d 170 (1985). We therefore conclude that the trial court's discretionary award of attorney's fees pursuant to G.S. Sec. 50-13.6 was improper.

A. The November 1983 Hearing

[3]   Neither is the mother entitled to attorney's fees for the November 1983 hearing under the terms of the parties' 21 February 1978 consent judgment. *See Zande v. Zande*, 3 N.C. App. 149, 164 S.E. 2d 523 (1968). In the Sixth Clause, entitled *Attorney's Fees*, the parties agreed to pay their respective attorneys from stock proceeds for representation resulting in the consent judgment. "The parties further agree[d] to be individually responsible for any further fees incurred by their respective attorneys." Paragraph Seven, entitled *Indemnity*, provides:

> If the [father], for any reason, fails to duly perform his financial and other obligations to the [mother] hereunder, and as a result thereof, the [mother] incurs any expense (including legal fees) to collect the same, or otherwise enforce her rights with respect thereto, the [father] shall indemnify her against and hold her harmless of any such expense.

A consent judgment is a court-approved and -sanctioned con-
tract of the parties. *Layton v. Layton*, 263 N.C. 453, 139 S.E. 2d
732 (1965); *Houghton v. Harris*, 243 N.C. 92, 89 S.E. 2d 860 (1955);
*Haynes v. Haynes*, 45 N.C. App. 376, 263 S.E. 2d 783 (1980). It is
to be construed in the same manner as a contract to ascertain the
parties' intent. *Haynes*. Words are to be given their ordinary
meanings. *Harris v. Latta*, 298 N.C. 555, 259 S.E. 2d 239 (1979).
And, when the language of a contract is plain and unambiguous,
its construction is a matter of law for the court. *Renfro v.
Meacham*, 50 N.C. App. 491, 274 S.E. 2d 377 (1981).

The language of the consent judgment is plain and unam-
biguous. The parties agreed to be individually responsible for
their own attorney's fees in any subsequent proceedings, unless
the father "fail[ed] to duly perform his financial and other obliga-
tions to the [mother] hereunder. . . ." In that case, the father is to
indemnify the mother for any resulting expenses, including at-
torney's fees. There are no allegations in the mother's 14 Novem-
ber 1983 countermotion to activate the indemnity provision of the
consent judgment. For example, she has not alleged any violation
of the visitation privileges or a child support arrearage.

Significantly, a consent judgment cannot be set aside except
by agreement of the parties, or upon allegations and proof of
fraud, mutual mistake, or lack of consent. *White v. White*, 296
N.C. 661, 252 S.E. 2d 698 (1979). We have no evidence of a modify-
ing agreement or even allegations of the other cited bases for
setting the consent judgment aside. Thus, the terms of the 21
February 1978 consent judgment remain in effect and enforceable.
We conclude that the mother is bound by the language of Para-
graph Six; she must bear the costs of her own attorney's fees for
the November 1983 hearing.

B. The 13 February 1984 and 9 April 1984 Hearings

[4]   In the mother's 6 February 1984 response and countermotion
to the husband's 23 January 1984 motion to reduce child support,
she alleged that the father was presently in arrears on child sup-
port, but failed to state the sum due. She asked the trial court to
increase child support and to charge all costs of the action to the
father. According to her allegations, a 23 November 1983 order,
that is not included in the record, required the father to make his
child support payments "on or before the 25th day of each

month." At the April hearing, the mother presented no evidence on the arrearage issue. The father's evidence suggests that, as of 2 February 1984, he was $797.18 ahead in child support payments. Although the trial court found in its 7 May 1984 order: "The parties stipulated through counsel that, as of April 6, 1984, the defendant was in arrears concerning all court ordered payments . . .", this arrearage apparently accrued after the mother's 6 February 1984 response and countermotion.

Turning to the indemnity provision of the consent judgment, we concentrate on the cause and effect nature of the language: "If the [father], for any reason, fails to duly perform his financial and other obligations to the [mother] hereunder, and *as a result thereof*, the [mother] incurs any expense . . . to collect the same. . . ." (Emphasis added.) Thus, the father's child support arrearage must be an activating cause of the mother's expenses to bring the indemnity provision into play. Here the mother's expenses were engendered by the father's motion to reduce child support. The arrearage originally alleged in the mother's 6 February 1984 countermotion was never proven. Further, the stipulated arrearage in the 7 May 1984 order was a byproduct of the trial court's calculations to reduce the husband's child support payments, rather than the basis for a collection action by the mother. Therefore, the indemnity provision is not applicable. We are left to conclude that the wife must again bear the costs of her own attorney's fees for the February 1984 and April 1984 hearings.

C. In summary, the mother is not entitled to any portion of the $1,500 in attorney's fees awarded in the 7 May 1984 order.

### III

Because of insufficient evidence and findings of fact, we reverse the trial court's 7 May 1984 reduction of the father's child support payments and reinstate the 15 October 1981 court order for monthly child support payments of $917 retroactive to 1 February 1984, the modification date stated in the 7 May 1984 order. Further, we reverse the 7 May 1984 award of $1,500 in attorney's fees to the mother.

Reversed.

Judges WEBB and PARKER concur.