CYNTHIA AUSTIN MULLEN v. BRENT LEWIS MULLEN

No. 8526DC801

(Filed 4 March 1986)

1. **Divorce and Alimony § 24.8— child support—changed circumstances—findings not sufficient**

  The trial court erred by concluding that plaintiff wife had made a sufficient showing of a change in circumstances to merit an increase in child support payments where the only finding on actual past expenditures was that plaintiff had child care expenses of approximately $25 per month when the original 1981 order was entered; the court did not make specific findings as to food, shelter, clothing or other major past expenditures; plaintiff testified that her child care expenses in 1981 were $25 per week rather than per month, so that the sole finding on actual past expenditures was not supported by the evidence; the court failed to make any specific findings as to food, shelter, or other major present expenditures besides day care; the court made no finding that the present expenses for child care were reasonable; and the court omitted any specific findings as to the parties' present reasonable expenses or estates. N.C.G.S. 50-13.7.

2. **Divorce and Alimony § 24.11— modification of child support—insufficient evidence—reversed**

  An order finding changed circumstances and increasing child support was reversed rather than remanded where the court had insufficient evidence of the child's actual past expenditures to make the requisite specific findings of fact.

APPEAL by defendant from *Jones, William G., Judge.* Order entered 19 March 1985 in District Court, MECKLENBURG County. Heard in the Court of Appeals 6 December 1985.

A consent judgment dated 16 September 1981 awarded custody of the parties' minor child to plaintiff-wife and ordered defendant-husband, *inter alia,* to pay $180 per month as child support and provide medical and hospital insurance covering the child.

Plaintiff-wife moved the court to vacate or modify this consent judgment by ordering an increase in child support. The court made the following pertinent findings of fact:

2. At the time said order was entered the plaintiff had monthly gross income of $890.00 and the defendant had monthly gross income of $1,350.00.

3. At the present time the plaintiff has monthly gross income of $1,466.00 and the defendant has monthly gross income of $2,332.00 . . . .

4. At the time the 1981 order was entered the plaintiff had child day care expenses of approximately $25.00 per month, virtually no evening or weekend babysitting expenses, no medical insurance expenses for the child, slight uninsured medical expenses for the child, and virtually no entertainment or recreational expenses for the child.

5. Since 1981 the plaintiff has incurred increased expenses for the child, due largely to his increased age (now five years). Specifically, her day care expense has increased to $160.00 monthly and she has evening and weekend babysitting expenses of $10.00 per month. The defendant either has not maintained medical and hospitalization insurance for the child or has not provided to the plaintiff information and forms necessary to make claims thereunder. As a result the plaintiff has secured such insurance at a monthly cost to her of $53.50. Moreover, the child now suffers from asthma and the plaintiff's uninsured medical expenses for the child have increased. The child now is old enough to require expenditures for his entertainment and recreation of approximately $15.00 monthly, and his clothing costs more because of his increased age and inflation.

[6.] The plaintiff's reasonable needs for the care, support and maintenance of the child are approximately $700.00 monthly, and for her own support and maintenance approximately $600.00 monthly.

7. The defendant's reasonable needs for his own support are approximately $1,300.00 monthly.

. . . .

9. The plaintiff has filed her motion in good faith and has insufficient means to defray the costs of prosecuting the same. The defendant has failed to pay support which is adequate at the time the plaintiff filed her motion.

10. The defendant has the ability to make the payments ordered herein, and the same are reasonable.

11. Counsel for plaintiff has rendered valuable services in prosecuting this matter, having expended approximately 15 hours prior to the hearing, 2 hours in attending the hearing, and additional time in preparing this order as directed by the Court. The reasonable value of his services is not less than $1,100.00, of which the plaintiff has paid $300.00. The defendant has the ability to pay partial counsel fees of $500.00 as provided herein.

The court concluded from these findings that plaintiff-wife had made a sufficient showing of a change in circumstances since the 16 September 1981 consent judgment to merit an increase in child support payments to $400 per month. It further concluded that plaintiff-wife was entitled to a partial award of attorney's fees of $500.

From the order entered in accordance with these findings, defendant-husband appeals.

*Cynthia Austin Mullen, plaintiff appellee, pro se.*

*Bailey, Patterson, Caddell & Bailey, P.A., by James A. Warren, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant-husband contends the evidence and findings of fact do not support an order increasing child support. We agree.

N.C. Gen. Stat. Sec. 50-13.7 provides that a child support order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances . . . ." This Court has stated:

The modification of the order must be supported by findings of fact, based upon competent evidence, that there has been a substantial change of circumstances affecting the welfare of

the child. . . . It is not necessary for the trial court to make detailed findings of fact upon all the evidence offered at trial. The order must contain the material findings of fact which resolved the issues raised. In each case the findings of fact must be sufficient to allow an appellate court to determine upon what facts the trial court predicated its judgment. [Citations omitted.]

*Ebron v. Ebron*, 40 N.C. App. 270, 271, 252 S.E. 2d 235, 236 (1979).

Specifically, the trial court must determine the "present reasonable needs of the subject minor child, before ordering a modification in child support." *Norton v. Norton*, 76 N.C. App. 213, 216, 332 S.E. 2d 724, 727 (1985). "To properly determine the child's present reasonable needs, the trial court must hear evidence and make findings of specific fact on the actual past expenditures for the minor child, the present reasonable expenses of the minor child, and the parties' relative abilities to pay." *Id.* "[E]vidence of, and findings of fact on, the parties' income, estates, and present reasonable expenses are necessary to determine their relative abilities to pay." *Id.* at 218, 332 S.E. 2d at 728.

Applying the above requirements to the order and record here, we find them deficient in the following respects:

The court's only finding on actual past expenditures was that plaintiff-wife "had child care expenses of approximately $25.00 per month" when the 1981 order was entered. The court made no specific findings as to food, shelter, clothing or other major past expenditures. Further, plaintiff-wife testified that her child care expenses in 1981 were $25 per week, not $25 per month. Thus, the sole finding on actual past expenditures was not supported by the evidence.

The court found specific present expenses of the child for day care, babysitting, health insurance, and entertainment. It noted a general increase in his clothing expenses and uninsured medical expenses from 1981. Again, however, it failed to make any specific findings as to food, shelter, or other major present expenditures besides day care. The court also made no finding that the present expenses of the child were reasonable.

Regarding the parties' relative ability to pay, the court did state each party's gross income for 1981 and 1984. However, it

omitted any specific findings as to the parties' present reasonable expenses or estates, and it merely determined generally that plaintiff-wife's reasonable needs for the child were approximately $700 monthly and for herself were approximately $600 monthly, and that defendant-husband's reasonable needs for himself were approximately $1,300 monthly.

> Without definitive findings regarding the past and present needs of the [child], and the abilities of the plaintiff and the defendant to meet these needs, it is impossible to understand how the court concluded that the monthly financial needs of the [child would be approximately $700], or to comprehend by what formula the court divided the total amount between the parties.

*Daniels v. Hatcher,* 46 N.C. App. 481, 484-85, 265 S.E. 2d 429, *disc. rev. denied,* 301 N.C. 87 (1980).

[2] Further, as in *Norton, supra,* we "conclude that the trial court had insufficient evidence of [the child's] actual past expenditures to make the requisite specific finding of fact on actual past expenditures." 76 N.C. App. at 216, 332 S.E. 2d at 727. Here, as in *Norton,* "no evidence of actual past expenditures for the interim years 1982 and 1983 [and 1984] appears in the record." *Id.* at 217, 332 S.E. 2d at 727. Plaintiff-wife thus has failed to carry her burden of proving a substantial change in circumstances. *Id.*

Accordingly, following *Norton,* we reverse the 19 March 1985 modification and reinstate the $180 monthly child support payment due under the 16 September 1981 consent judgment retroactive to 15 March 1985, the modification date stated in the 19 March 1985 order. *Id.* This case, like *Norton,* is distinguishable from *Daniels,* where "the record was 'replete with evidence' comparing the [child's] needs and expenses at frequent intervals from the time of the consent order to the present." *Id.* We thus cannot simply vacate and remand for the requisite specific findings from the evidence, as was done in *Daniels.*

Defendant-husband also contends the court erred in ordering him to pay part of plaintiff-wife's attorney's fees. Because that part of the order increasing child support payments is reversed, the award of attorney's fees must also be reversed. *Walker v. Tucker,* 69 N.C. App. 607, 613-14, 317 S.E. 2d 923, 927-28 (1984).

We note that plaintiff-wife may again move for modification of the order at any time, and the court may allow the motion if it makes the required findings of fact based upon adequate evidence.

Reversed.

Judges JOHNSON and PHILLIPS concur.