GAIL JOHNSON SMITH v. KEITH EUGENE SMITH

No. 8722DC745

(Filed 15 March 1988)

1. **Divorce and Alimony § 24.9— child support—affirmative findings as to defendant's expenses—no error**

    The trial court did not err in a child support case in making findings concerning defendant father's expenses by accepting as reasonable certain of defendant's asserted expenses and rejecting others and finding as reasonable a monthly total in expenses for defendant. The trial judge is not required to make detailed findings of fact upon every item of evidence offered at trial.

2. **Divorce and Alimony § 24.9— child support—expenses not currently affordable for children—allowable**

    The trial court did not err in an action for child support by not stating specifically the actual past expenses of the minor children or by including in its findings estimated expenses for certain items that plaintiff could not currently afford. Simply because the custodial parent is unable to afford a certain type of expense is no reason to disqualify that item as a reasonable need of the child.

3. **Divorce and Alimony § 24.9— child support—findings of reasonable monthly expenses—supported by evidence**

    The trial court's finding in a child support action that the reasonable monthly expenses of plaintiff and the children were in excess of $3,000 per month and that two-thirds of the household expenses were attributable to the children was supported by plaintiff's financial affidavit, which listed individual needs, fixed expenses, and debt payments totaling $2,969.08 per month and approximately $8,000 in household repairs that were necessary at that time or would be necessary in the near future; moreover, it would be a time-consuming if not impossible task for the trial court to determine with any degree of accuracy the portions of expenses such as housing costs, electricity, water, telephone, fuel oil, and automobile expenses attributable to each of the three residents of plaintiff's house.

4. **Divorce and Alimony § 24.9— child support—health insurance findings supported by evidence**

    There was sufficient evidence in a child support action to support the court's finding of fact that plaintiff obtained insurance for the minor children because of her fear that defendant would not maintain his health insurance on the minor children where plaintiff testified that defendant had on occasion

Smith v. Smith

refused to sign the insurance forms necessary to release the insurance he maintained for the children and that plaintiff was accumulating a number of medical bills for which she was primarily responsible and she was worried that defendant might change jobs or that the insurance would not cover the expenses.

**5. Divorce and Alimony § 24.9— child support—findings regarding child's medical expenses and educational needs—supported by the evidence**

The evidence in a child support action supported the court's finding that one of the minor children was incurring medical expenses for hospitalization in an amount between $10,000 and $25,000, that at most 80% of those expenses would be covered by insurance, that the child had been diagnosed as having emotional, behavioral and scholastic problems caused by a learning disability, a hearing disorder, and an "auditory processing disorder," and that the child would be returned to the home with an individual education plan requiring computer equipment, a tape recorder, and a tutor.

**6. Divorce and Alimony § 24.9— child support—monthly expenses and estates— evidence sufficient**

The evidence in a child support action was sufficient to support the court's findings regarding defendant's monthly expenses, changes in the parties' estates, and plaintiff's need for a new automobile.

**7. Divorce and Alimony § 24.1— child support—consideration of Chief District Court Judges' Child Support Guidelines—no abuse of discretion**

The trial court did not abuse its discretion in a child support action by considering the Chief District Court Judges' Child Support Guidelines where the trial judge referred to twenty-five percent of defendant's gross income (the guideline amount) in an exchange with defendant's attorney, but plaintiff had prayed for an award of child support in the amount of twenty-five percent of defendant's gross income. Consideration of Child Support Guidelines in making a determination of child support is not error so long as it is clear from the record that the court gave due regard to the factors required to be taken into consideration by statutes and by case law.

APPEAL by defendant from *Fuller (George T.), Judge.* Order entered 23 March 1987 in District Court, IREDELL County. Heard in the Court of Appeals 12 January 1988.

This is an appeal from an order modifying child support. The background is as follows: Plaintiff and defendant were married in 1973, and together had two children, Keith Eugene Smith, Jr., born 24 May 1975, and Keeley Lavinia Smith, born 7 May 1979. The parties separated in 1981, lived together for approximately one year, and then separated finally on 20 June 1983.

On 11 June 1984, the parties entered into a consent judgment with the following relevant provisions: that plaintiff would have

primary custody of the parties' two minor children subject to visitation rights of defendant; that defendant would pay $400.00 per month in child support; that defendant would maintain medical insurance coverage on the two minor children; and that the parties each would pay half of all medical expenses not covered by insurance. The consent judgment also granted plaintiff divorce from bed and board from defendant.

On 14 January 1987, plaintiff filed a motion in the cause for an increase in child support and for other relief. After a hearing, the court entered an order increasing defendant's child support obligation to $1,400.00 per month. Defendant appeals.

*Harris, Pressly and Thomas, by Edwin A. Pressly and Genevieve M. Howard, for plaintiff-appellee.*

*Homesley, Jones, Gaines and Fields, by T. C. Homesley, Jr., and Clifton W. Homesley, for defendant-appellant.*

PARKER, Judge.

In this appeal, defendant argues that the trial court erred by making inadequate findings of fact to support its conclusions of law, that the trial court erred by making findings of fact not supported by sufficient evidence, that the trial court erred in placing undue weight upon the District Court Judges' Guidelines, and that the trial judge abused his discretion in ordering defendant to pay $1,400.00 per month in child support. For the reasons that follow, we find that defendant's assignments of error are without merit, and we affirm the order of the trial court.

[1] Defendant first argues that the trial court made inadequate findings of fact. Specifically, defendant argues that the court failed to make any affirmative findings regarding some of his asserted monthly expenses and failed to make any specific findings as to the actual past expenses of the two minor children.

Before ordering a modification of child support, the trial court must determine the present reasonable needs of the children. Such a determination must be based upon specific findings of fact as to actual past expenditures for the minor children, the present reasonable expenses of the minor children, and the parties' relative abilities to pay. *Mullen v. Mullen*, 79 N.C. App. 627, 630, 339 S.E. 2d 838, 840 (1986); *Norton v. Norton*, 76 N.C. App.

213, 216, 332 S.E. 2d 724, 727 (1985). Moreover, findings of fact regarding the parties' incomes, estates, and present reasonable expenses are necessary to determine their relative abilities to pay. *Mullen v. Mullen*, 79 N.C. App. at 630, 339 S.E. 2d at 840; *Norton v. Norton*, 76 N.C. App. at 218, 332 S.E. 2d at 728.

In its order, the court below found as fact:

> That defendant has reasonable monthly expenses of $900.00 for rent, $299.00 for telephone, $69.65 for utilities, $400.85 for automobile payment, $250.00 for food, $104.08 for health insurance, $59.94 for automobile insurance, $100.00 for clothing, $100.00 for entertainment and $40.00 for child medical expenses, totalling $2,323.52 per month.

Defendant contends that the court erred in failing to make affirmative findings as to some of his asserted monthly expenses, such as $500.00 per month for debt repayment to his father, $371.52 per month for meals while travelling as part of his job, $400.00 per month for transportation to visit his children in North Carolina, $115.14 per month for life insurance, $237.44 per month for "hotel marketing expenses," $43.65 per month for cable television, and $166.67 per month for the children's vacation.

Credibility, contradictions, and discrepancies in the evidence are matters to be resolved by the trier of fact, here the trial judge, and the trier of fact may accept or reject the testimony of any witness. *Laughter v. Lambert*, 11 N.C. App. 133, 180 S.E. 2d 450 (1971). Moreover, in an action involving a determination of child support, the trial judge is not required to make detailed findings of fact upon every item of evidence offered at trial. The trial judge is required, however, to make material findings of fact that resolve the issues raised. In each case, the findings of fact must be sufficient to allow the appellate courts to determine upon what facts the trial judge predicated his judgment. *Ebron v. Ebron*, 40 N.C. App. 270, 271, 252 S.E. 2d 235, 236 (1979); *Morgan v. Morgan*, 20 N.C. App. 641, 642, 202 S.E. 2d 356, 357 (1974).

In the case before us, the trial court accepted as reasonable a monthly total of $2,323.52 in expenses for defendant. The trial judge must be given broad discretion in making factual determinations, for the trial judge has the opportunity to see the parties in person and to hear the witnesses. *See Pruneau v. Sanders*,

25 N.C. App. 510, 516, 214 S.E. 2d 288, 292, *cert. denied*, 287 N.C. 664, 216 S.E. 2d 911 (1975); *Greer v. Greer*, 5 N.C. App. 160, 163, 167 S.E. 2d 782, 784 (1969). The trial judge accepted as reasonable certain of defendant's asserted expenses and rejected as unreasonable the remainder.

Defendant cites *Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985), to support his contention. However, in *Plott v. Plott*, the trial judge had summarily drawn a conclusion as to the total monthly reasonable living expenses of the defendant, without "a mathematical worksheet reflecting the amounts that were allowed or disallowed by the judge for reasonable living expenses." 313 N.C. at 70, 326 S.E. 2d at 868. The case before us is clearly distinguishable.

[2] The court below also found as fact that the current reasonable expenses of plaintiff and the children are in excess of $3,000.00 per month and that approximately $1,850.00 of this amount is directly attributable to the minor children. In its finding, the court accepted as "reasonably necessary to maintain the health, welfare and enjoyment of the minor children" two-thirds of the household expenses listed on plaintiff's financial affidavit as well as the total expenses listed on the affidavit that were directly attributable to the children. At trial, when asked how she arrived at the expenses she had listed, plaintiff testified that the figures were based primarily on actual expenditures, although there were some items for her children and for their home that she could not currently afford.

Defendant contends that the court erred in not stating specifically the "actual past expenses" of the minor children. We disagree. The figures listed in plaintiff's financial affidavit and adopted by the court were figures based on actual past expenditures. Moreover, it was not improper for the court to include in its findings estimated expenses for certain items that plaintiff could not currently afford; simply because a custodial parent is unable to afford a certain item or expense is no reason to disqualify that item as a reasonable need of the child. Findings of fact as to actual past expenditures are meant to aid the trial court in determining the reasonable needs of the children, not to hamper the court's ability to assess the children's reasonable needs. Therefore, we find that the court made findings of fact sufficient to support its conclusions of law.

[3]  Defendant next argues that certain findings of fact made by the trial judge are not supported by sufficient evidence. We will address each contested finding briefly.

Defendant contends that the trial court's finding number four, that the reasonable monthly expenses of plaintiff and the parties' children are in excess of $3,000.00 per month and that two-thirds of the plaintiff's household expenses were attributable to the children, is based on speculation rather than on evidence in the record. This contention is without merit.

Plaintiff's financial affidavit listed "Individual Needs," "Fixed Expenses," and "Debt Payments" totalling $2,969.08 per month. In addition, plaintiff listed approximately $8,000 in household repairs that were necessary at that time or would be necessary in the near future. This evidence alone is sufficient to support the trial judge's finding that the current reasonable needs of plaintiff and the children total $3,000.00 per month. Moreover, the trial court's allocation of two-thirds of plaintiff's household expenses to the minor children of the parties is not necessarily error. Included in plaintiff's listed household expenses are housing costs, electricity, water, telephone, fuel oil, and automobile expenses. While it is true that plaintiff would have to make expenditures for these items even if the parties' minor children were not residing with her, it would be a time-consuming if not impossible task for the trial court to determine with any degree of accuracy the portions of these expenses attributable to each of the three residents of plaintiff's house. *Compare Evans v. Craddock*, 61 N.C. App. 438, 300 S.E. 2d 908 (1983) (allocation to minor child of one-third total living expenses of custodial parent, her current spouse, and the minor child is impermissible use of a mathematical formula to calculate the child's needs) *with Gibson v. Gibson*, 68 N.C. App. 566, 316 S.E. 2d 99 (1984) (allocation to minor child of one-third total fixed expenses of custodial parent and the minor child not error where figure did not include any new spouse of custodial parent and court found expenses reasonable). We find no error in the trial court's finding of fact number four.

[4]  Defendant also contends that there is insufficient evidence to support the court's finding of fact number five, that plaintiff obtained insurance for the minor children because of her fear that defendant would not maintain his health insurance on the minor children. This contention is also without merit.

At trial, plaintiff testified that although defendant was required to carry medical insurance covering the parties' children pursuant to the 1984 consent judgment and although to her knowledge he had thus far complied with that requirement, on occasion, defendant had refused to sign the insurance forms necessary to release the insurance. Plaintiff also testified on cross-examination that she obtained medical insurance because she was accumulating a number of medical bills for which she was primarily responsible, and she was worried that defendant might change jobs or that the insurance would not cover the expenses. This evidence sufficiently supports the court's finding number five.

[5] Defendant further argues that the trial court's finding number six is not supported by sufficient evidence. The trial court's finding number six states the following:

> That the minor child, Keith, is hospitalized now at N. C. Memorial Hospital, and medical expenses will be incurred in connection with his hospitalization in an amount from $10,000.00 to $25,000.00 and that, at the most, 80% of these expenses will be covered by insurance; that from this hospitalization, the minor child will return to the marital home with directives to maximize the child's learning ability, which directives will include a program that will make it necessary to obtain computer equipment, recording equipment, and typewriting equipment for him to use so as to allow him to do his studies through means other than having him write his lessons, and these will be costs in addition to the $156.00 per month needed for a tutor for the minor child.

This finding is supported by ample evidence in the record.

On direct examination, plaintiff testified that the parties' minor son, Keith, was currently at North Carolina Memorial Hospital and that Keith had been diagnosed as having emotional, behavioral, and scholastic problems caused by a learning disability, a hearing disorder, and an "auditory processing disorder." Plaintiff stated that defendant's medical insurance "should pay" eighty percent of the expenses incurred at Memorial Hospital. On cross-examination, plaintiff stated that the estimated bill for Keith's hospitalization was from $10,000.00 to $25,000.00. She also testified that on Keith's release from the hospital, he was to

follow an "Individual Education Plan" that would require computer equipment, including a printer, a tape recorder, and a tutor. Plaintiff stated that she had gotten estimates from professional tutoring services and that tutoring at the lowest available hourly rate would cost $156.00 per month.

This evidence fully supports the trial court's finding of fact number six.

[6] Defendant next contends that the court's findings of fact numbers seven, eight, and nine are not supported by sufficient evidence. In relevant part, the court below found as fact:

7. That defendant has reasonable monthly expenses of $900.00 for rent, $299.00 for telephone, $69.65 for utilities, $400.85 for automobile payment, $250.00 for food, $104.08 for health insurance, $59.94 for automobile insurance, $100.00 for clothing, $100.00 for entertainment and $40.00 for child medical expenses, totalling $2,323.52 per month.

. . . .

8. That since June of 1984, defendant's estate has increased with regard to his partnership interest in Century Classic, Ltd. and his rental home in Charlotte, N. C.

. . . .

9. That plaintiff's estate had diminished and that her automobile is worn out and needs replacement, and that there has been an equity reduction in the ratio of savings accounts owned and debts owed from June of 1984 to the present time.

As discussed in the earlier portion of this opinion, the court's finding of fact number seven, as to defendant's reasonable monthly expenses, is based directly on defendant's own list of monthly expenditures. Therefore, it is clear that finding number seven was supported by evidence in the record. The trial court's findings of fact are conclusive on appeal if supported by competent evidence even though there is evidence to support contrary or additional findings of fact. *Vuncannon v. Vuncannon*, 82 N.C. App. 255, 259, 346 S.E. 2d 274, 276 (1986).

Likewise, the court's finding of fact number eight is supported by sufficient evidence in the record. Defendant testified on direct examination that he became a partner in a Charlotte art gallery, Century Classics Limited, in 1985, and that in 1986, his reported income from the partnership was $4,504.71. Defendant also testified that he holds title to some property in Charlotte, which he purchased after he and plaintiff had signed the consent judgment in June of 1984. Defendant also stated that he receives $625.00 per month rental income from the Charlotte property. Defendant testified that his expenses relative to the property, however, are $795.59 per month causing him "a negative cash flow of $170.59 per month." This evidence is sufficient to support the trial court's finding of fact number eight, even though there is evidence to support a different finding as to the rental property.

As to the trial court's finding of fact number nine, plaintiff testified on direct examination that her current automobile, a 1983 Toyota, was giving her "a lot of problems" and "even broke . . . down for a week in the last month." She stated that she felt that she needed to get another car because her car was not dependable, and she was especially concerned when she and the children were on the road at night. Plaintiff testified on redirect examination that in 1984, she had $500.00 in her savings account and that her debts totalled approximately $800.00. Plaintiff stated that at the time of trial, she had $750.00 in her savings account, but that her debts, including a "cash reserve" account that gives an automatic extension to her checking account, amounted to in excess of $3,500.00. Plaintiff also testified that she had had nearly $1,000.00 in an "emergency" savings account, but she was forced to withdraw $700.00 from that account for legal fees and for expenses connected with her son's stay in Chapel Hill. This evidence is sufficient to support the trial court's finding of fact number nine.

[7] Defendant next assigns as error finding of fact number ten which states that the trial court considered the Chief District Court Judges' Child Support Guidelines, providing that a non-custodial parent of two children should pay twenty-five percent of his gross income in child support. Defendant argues that the trial judge placed undue weight upon the guidelines and that this constitutes an abuse of discretion. This contention is entirely without merit.

First, we cannot say that the trial court's consideration of Child Support Guidelines in making a determination of child support is error, so long as it is clear from the record that the court gave due regard to the factors required to be taken into consideration by statutes and by case law. *See, e.g., Mullen v. Mullen, supra; Norton v. Norton, supra.* Furthermore, defendant has not shown that the court has abused its discretion in considering such guidelines.

To support his argument, defendant points to the fact that the amount of support he has been ordered to pay is approximately twenty-two percent of defendant's gross monthly income and that "the court managed to come quite close to the 25% figure." Defendant also points out the following exchange at trial between defendant's attorney and the trial judge:

MR. HOMESLEY: Judge, did I understand you to say $1,400 a month?

THE COURT: Yes, sir.

MR. HOMESLEY: He [plaintiff's attorney] didn't even ask but for $1,300.

THE COURT: You want to figure out what 25 percent of $77,000 is?

In context, it is clear that the court's reference to twenty-five percent refers not to the Chief District Court Judges' Child Support Guidelines, but to plaintiff's motion in the cause for an increase in child support in which she prayed the court that she be awarded child support "in the amount of 25% of [defendant's] gross income." This assignment of error is overruled.

Defendant's final contention is that the trial judge abused his discretion in ordering defendant to increase his child support payments from $400.00 per month to $1,400.00 per month. We find no abuse of discretion and conclude from a careful review of the record that the trial court's findings of fact are supported by competent evidence in the record, that these findings of fact support the court's conclusions of law, and that the court's conclusions of law support its judgment.

For the reasons stated herein, the order of the trial court is

Affirmed.

Judges COZORT and GREENE concur.