TERRY BLEDSOE GREER v. DEANA LYNN GREER

No. 9021DC124

(Filed 15 January 1991)

1. **Divorce and Alimony § 24.8 (NCI3d) — child support — no finding as to changed needs of child — increase improper**

   The trial court erred in requiring plaintiff to increase his child support payments where the court did not follow the presumptive guidelines in effect between 1 October 1989 and 1 July 1990; furthermore, the court did not make findings of fact supported by competent evidence which demonstrated changed circumstances where the court's findings did not address the changing needs of the child or the parties' incomes and expenses, but dealt only with plaintiff's income for the first eight months of 1989.

   **Am Jur 2d, Divorce and Separation §§ 1082, 1084-1085.**

   **Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

2. **Divorce and Alimony § 24.8 (NCI3d) — increased child support — father's capacity to earn not considered**

   The trial court could not consider plaintiff's capacity to earn in determining whether to order an increase in child support where the evidence indicated that plaintiff had lost his job due to no fault of his own, but the order contained no findings that plaintiff had deliberately stopped working to avoid his support obligations.

Am Jur 2d, Divorce and Separation §§ 1085, 1086.

Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 17.

APPEAL by plaintiff from order entered 14 November 1989 by *Judge Roland H. Hayes* in FORSYTH County District Court. Heard in the Court of Appeals 15 November 1990.

We must decide here if an order requiring plaintiff to increase his child support payments is supported by the finding of facts.

*Morrow, Alexander, Tash, Long & Black, by Charles J. Alexander, II and Ronald B. Black, for plaintiff appellant.*

*Wolfe and Collins, P.A., by John G. Wolfe, III and Michael R. Bennett, for defendant appellee.*

ARNOLD, Judge.

We enter a new period in North Carolina child support law with this case. In 1986, the General Assembly ordered the Conference of Chief District Judges to prescribe guidelines for the computation of child support obligations. N.C. Gen. Stat. § 50-13.4(c1) (1987). Those guidelines went into effect 1 October 1987. The guidelines were advisory in nature, *Morris v. Morris*, 92 N.C. App. 359, 374 S.E.2d 441 (1988), until 1 October 1989, when they became presumptive. *See* G.S. § 50-13.4(c1) (1987 & 1989 Cum. Supp.). The presumptive guidelines have already been revised, and those revisions govern orders entered after 1 July 1990. G.S. § 50-13.4(c1) (1990 Cum. Supp.). This case, however, falls into a small group involving support orders or modifications entered into between 1 October 1989 and 1 July 1990. The first set of presumptive guidelines govern the determination of child support orders entered during that period. The support modification order in this case was entered on 14 November 1989 so we apply the original set of presumptive guidelines, which read as follows:

Effective October 1, 1989, and pursuant to G.S. 50-13.4(c), the advisory child support guidelines for the computation of child support obligations of each parent as adopted by the Conference of Chief District Judges shall operate as presumptive guidelines. That is, the percentages set out in Section A shall be applied in computing child support obligations, unless the

GREER v. GREER

[101 N.C. App. 351 (1991)]

Court makes findings to vary the amount based on the factors set out in Section B.

The child support guidelines and factors for varying from the guidelines as adopted by the Conference of Chief District Judges are as follows:

A. A parent's support obligation for that parent's child or children shall be computed as follows:

    One child ........ 17% of the parent's gross income

    Two children ..... 25% of the parent's gross income

    Three children ... 29% of the parent's gross income

    Four children .... 31% of the parent's gross income

    Five or more
         children ..... 34% of the parent's gross income

B. The amount of a parent's support obligation may vary from the amount as computed above based on one or more of the following factors:

(1) The special needs of the child, including physical and emotional health needs, educational needs, day-care costs, or needs related to the child's age.

(2) Any shared physical custody arrangements or extended or unusual visitation arrangements.

(3) A party's other support obligations to a current or former household, including the payment of alimony.

(4) A party's extremely low or extremely high income, such that application of the guidelines produces an amount that is clearly too high in relation to the party's own needs or the child's needs.

(5) A party's intentional suppression or reduction of income, hidden income, income that should be imputed to a party, or a party's substantial assets.

(6) Any support that a party is providing or will be providing other than by periodic money payments, such as lump sum payments, possession of a residence, payment of a mortgage, payment of medical expenses, or provision of health insurance coverage.

(7) A party's own special needs, such as unusual medical or other necessary expenses.

(8) Any other factor the court finds to be just and proper.

C. Notwithstanding the foregoing, a court determining a parent's child support obligation shall hear evidence and from the evidence find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to pay support.

A.O.C., Child Support Guidelines, AOC-A-162 (New 10/89). These guidelines apply to the modification of child support orders as well as initial orders. 1989 N.C. Sess. Laws ch. 529, § 9.

[1] It is apparent that the trial court did not apply the presumptive guidelines in this case. The guidelines are not mentioned in the order, neither does the order make reference to any of the factors used to vary a support payment from the presumptive amounts. Failure to follow the guidelines requires that the order be reversed.

In addition, N.C. Gen. Stat. § 50-13.7(a) (1987) provides that a court order awarding child support "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances . . . ." Implementation of the presumptive guidelines does not change the trial court's duty to make findings of fact supported by competent evidence that demonstrate a showing of changed circumstances. Incumbent in this process, the court must determine the present reasonable needs of the child. *Mullen v. Mullen*, 79 N.C. App. 627, 339 S.E.2d 838 (1986). Specific findings of fact on the actual past expenditures for the child, the present reasonable expenses of the child and the parties' relative abilities to pay must be made. *Id.* at 630, 339 S.E.2d at 840. In determining the parties' relative ability to pay, the court must make specific findings of fact on their income, estates and present reasonable expenses. *Id.*

To support his order increasing plaintiff's child support payments, the trial judge made the following findings of fact:

That there has been a material and substantial change in the income of the Plaintiff; that the Plaintiff had been earning $8.00 per hour which increased to $12.00 per hour which later increased to $18.00 per hour prior to his termination by his

employer; that at the time the pending Motion was filed by Defendant the Plaintiff was employed earning $18.00 hour; that the Plaintiff's employment was terminated as of one week prior to the hearing; that the Plaintiff has sought employment and has not sought unemployment benefits; that it is reasonable while Plaintiff is in his present state of unemployment but having earned almost $30,000 from January 1, 1989 through August 30, 1989, that he should continue paying the formerly ordered $227.50 per month in child support together with ½ of the minor child's day care costs or a total of $341.00 per month.

These findings are deficient for several reasons. No findings of fact are made on the present needs of the child or on the relative abilities of the parties to pay. While the order documents plaintiff's income for the first eight months of 1989, no findings are made on the estates or present reasonable expenses of either party. It is not sufficient that there may be evidence in the record sufficient to support findings that could have been made. *Sloan v. Sloan*, 87 N.C. App. 392, 360 S.E.2d 816 (1987); *Coble v. Coble*, 300 N.C. 708, 268 S.E.2d 185 (1980). The trial court is required to make specific findings of fact with respect to factors listed in the statute. *Boyd v. Boyd*, 81 N.C. App. 71, 343 S.E.2d 581 (1986). Such findings are required in order for the appellate court to determine whether the trial court gave "due regard" to the factors listed. *Id.*

The only change of circumstance addressed in the order is the increase in the father's income. Without evidence of any change of circumstances affecting the welfare of the child or an increase in need, however, an increase for support based solely on the ground that the support payor's income has increased is improper. *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E.2d 487 (1963). Although a court must make findings concerning the party's ability to pay, the changed circumstances with which the courts are concerned are those relating to child-oriented expenses. *See Gilmore v. Gilmore*, 42 N.C. App. 560, 257 S.E.2d 116 (1979).

[2] Under G.S. §§ 50-13.4 and 50-13.7, a party's ability to pay child support is ordinarily determined by his or her actual income at the time the award is made or modified. *Goodhouse v. DeFravio*, 57 N.C. App. 124, 290 S.E.2d 751 (1982); *Holt v. Holt*, 29 N.C. App. 124, 223 S.E.2d 542 (1976). A person's *capacity* to earn income may be made the basis of an award if there is a finding that the party deliberately depressed his or her income or otherwise

acted in deliberate disregard of the obligation to provide reasonable support for the child. *Id.* The trial court in this case based its finding that plaintiff's income had increased on the fact that plaintiff had earned $30,000 in the first eight months of 1989. At the time of the entry of the support modification, however, plaintiff had no job and no income. Furthermore, the order contained no findings that plaintiff had deliberately stopped working to avoid his support obligations. Rather the evidence indicates that plaintiff lost his job due to no fault of his own. Without such findings the court may not consider plaintiff's capacity to earn in computing his income. *See Fischell v. Rosenberg,* 90 N.C. App. 254, 368 S.E.2d 11 (1988).

Finally, we note that all child support orders entered or modified beginning 1 October 1989 are subject to the requirements of N.C. Gen. Stat. § 110-136.3 (1990 Cum. Supp.).

For the foregoing reasons, the order of the trial court is reversed.

Reversed.

Judges EAGLES and PARKER concur.