HALL v. HALL

[107 N.C. App. 298 (1992)]

———————————

NAN WOOD HALL, PLAINTIFF v. WAYNE OSCAR HALL, DEFENDANT

No. 9125DC529

(Filed 18 August 1992)

1. **Divorce and Separation § 392.1[1] (NCI4th)— child support— guidelines—not followed—error**

The trial court erred in a child support action by entering an order for an amount greater than the presumptive amount without reference to the child support guidelines where the order was entered on 18 July 1990. The presumptive guidelines cover orders entered after 1 July 1990. N.C.G.S. § 50-13.4(c1) (Cum. Supp. 1989).

**Am Jur 2d, Divorce and Separation § 1018.**

2. **Divorce and Separation § 162 (NCI4th)— equitable distribution—memorandum of judgment—foreclosure expenses— reimbursement**

The trial court did not err in a domestic action by ordering defendant to pay plaintiff $2,500 expended by plaintiff in warding off a foreclosure action against some of the marital property where the parties had entered into a memorandum of judgment. Although defendant contended that the court's actions amounted to a modification of an interspousal consent judgment, the memorandum was loosely worded and it was within the court's discretion to interpret the phrase "contingent

———

1. New section pending publication of 1993 supplement.

upon satisfactory financial arrangements being made [regarding] division of marital debts" as including the reimbursement of financing charges incurred by plaintiff.

**Am Jur 2d, Divorce and Separation § 817.**

APPEAL by defendant from Order entered 18 July 1990 by *Judge Robert E. Hodges* in CATAWBA County District Court. Heard in the Court of Appeals 18 March 1992.

*Tate, Young, Morphis, Bach & Farthing, by Thomas C. Morphis, for plaintiff appellee.*

*Lewis E. Waddell, Jr., for defendant appellant.*

COZORT, Judge.

Plaintiff-wife and defendant-husband were married on 5 December 1975. They had two children during the course of the marriage, David George Clark Hall, born 22 February 1978, and Jason Conrad Hall, born 1 February 1980. The parties separated and have been subsequently divorced. Prior to the divorce, substantial litigation occurred involving child custody, child visitation, child support, temporary and permanent alimony, and equitable distribution. Defendant appeals the final judgment entered on 18 July 1990 which addresses child custody, child support, and equitable distribution. Defendant presents the following issues on appeal: (1) whether the trial court erred in ordering defendant to pay child support in excess of the presumptive child support guidelines; and (2) whether the trial court erred in ordering defendant to reimburse plaintiff for sums expended to defend a foreclosure action, when a memorandum of judgment entered on 6 July 1989 did not explicitly contemplate such a payment. We reverse the trial court's judgment as to child support and affirm the trial court's decision that defendant should pay plaintiff the amount ordered to recoup expenses incurred by defending the foreclosure.

[1] On 1 October 1989, the advisory child support guidelines prescribed by the Conference of Chief District Court Judges became presumptive. *See* N.C. Gen. Stat. § 50-13.4(c1) (Cum. Supp. 1989). The presumptive guidelines covered orders entered after 1 July 1990. *Id.* The order in the case below was entered on 18 July 1990 and thus was subject to the presumptive guidelines. The order, however, makes no reference to the child support guidelines. In-

stead, defendant is ordered to pay an amount greater than the amount established by the guidelines. This Court has stated in a similar case:

> It is apparent that the trial court did not apply the presumptive guidelines in this case. The guidelines are not mentioned in the order, neither does the order make reference to any of the factors used to vary a support payment from the presumptive amounts. Failure to follow the guidelines requires that the order be reversed.

*Greer v. Greer*, 101 N.C. App. 351, 354, 399 S.E.2d 399, 401 (1991). As in *Greer*, we reverse the trial court's order as to child support for failure to follow the presumptive child support guidelines and remand for a determination of child support in accordance with the guidelines.

[2] The other issue in this case concerns the trial court's order directing defendant to pay plaintiff $2,500.00, money expended by plaintiff to ward off a foreclosure action on some of the marital property. The parties entered into a Memorandum of Judgment on 6 July 1989. Attached to the Memorandum of Judgment was an Exhibit "A," which stated the "[p]arties agree to a distribution of marital property as follows contingent upon satisfactory financial arrangements being made [regarding] division of marital debts." At the time of the entry of the Memorandum of Judgment, a foreclosure action was pending against some of the marital property. The question of foreclosure expenses was not addressed in the Memorandum of Judgment. In its order, the trial court approved the Memorandum of Judgment and directed defendant to pay $2,500.00 in costs to reimburse plaintiff for expenses incurred to defend the foreclosure. Defendant argues the trial court's actions amounted to a "modification of an interspousal consent judgment." We disagree. We acknowledge the Memorandum of Judgment was loosely worded. However, it was within the trial court's discretion to interpret the phrase "contingent upon satisfactory financial arrangements being made [regarding] division of marital debts," as including the reimbursement of financing charges incurred by plaintiff. Since the court considered the reimbursement with regard to the Memorandum of Judgment and determined the payment would achieve equity between the parties, we find no abuse of discretion. The trial court's order is

**HALL v. HALL**

[107 N.C. App. 298 (1992)]

Affirmed in part, reversed in part, and remanded for determination of child support.

Judges JOHNSON and GREENE concur.