GAIL B. ROSE, Plaintiff v. ROBERT THOMAS ROSE, Defendant

No. 9112DC735

(Filed 17 November 1992)

1. **Divorce and Separation § 392.1 (NCI4th)— Child Support Guidelines — notice of hearing — waiver**

   The trial court did not err by deviating from the Child Support Guidelines in an action to enforce a separation agreement where there was no notice of a request for a hearing to determine the reasonable needs of the children or the relative ability of the parents to pay support. Defendant waived the notice requirement when evidence was presented on these issues without objection. N.C.G.S. § 50-13.4(c).

   **Am Jur 2d, Trial § 412.**

2. **Divorce and Separation § 392.1 (NCI4th)— Child Support Guidelines — deviation — findings — sufficient**

   The trial court's findings were sufficiently specific to support a child support order which deviated from the Guidelines where the trial court made findings of fact concerning the plaintiff-wife's job and present earnings, the defendant-husband's job, 1990 salary and 1991 earnings, the reasonable monthly expenses and needs of the plaintiff and the two minor children, the defendant's fixed total expenses, and the amount he can reasonably afford to pay each month.

   **Am Jur 2d, Divorce and Separation §§ 1040, 1041.**

   **Excessiveness or adequacy of money awarded as child support. 27 ALR4th 864.**

   **Court's power as to support and maintenance of children in marriage annulment proceedings. 63 ALR2d 1029.**

3. **Divorce and Separation § 22 (NCI4th)— separation agreement — not incorporated into divorce decree — modification**

   The trial court erred by modifying a provision of a separation agreement which had not been incorporated into the divorce decree without the parties' consent. The unincorporated separation agreement is a contract and the court was without authority to modify it absent the parties' consent. The Court of Appeals also expressed concern regarding a portion of the order which

ROSE v. ROSE

[108 N.C. App. 90 (1992)]

obligated defendant to pay $1009.70 per month in child support, even though the reasonable needs of the children were $1386, with $376.30 per month deducted from the father's equity in the marital home, because there was no guarantee of when or whether the marital home would be sold. If there are no available assets and the monthly amount cannot be paid, the support must be reduced.

**Am Jur 2d, Divorce and Separation §§ 426, 1040, 1041.**

**Excessiveness or adequacy of money awarded as child support. 27 ALR4th 864.**

**Opening or modification of divorce decree as to support or custody of child not provided for in the decree. 71 ALR2d 1370.**

**Court's power as to support and maintenance of children in marriage annulment proceedings. 63 ALR2d 1029.**

APPEAL by defendant from Order signed 13 May 1991 by *Judge Patricia Timmons-Goodson* in CUMBERLAND County District Court. Heard in the Court of Appeals 24 August 1992.

*Bobby G. Deaver for plaintiff-appellee.*

*Harris, Mitchell, Hancox & VanStory, by Ronnie M. Mitchell, Ellen B. Hancox, and Kathleen G. Sumner, for defendant-appellant.*

LEWIS, Judge.

Plaintiff and defendant were married on 4 March 1972. Two children were born of the marriage, both of whom are minors. On 24 January 1986 the parties executed a separation agreement, the terms of which included provisions for child support, child custody and visitation, and for the division of their property. According to our review of the record, we are unable to ascertain the date the divorce decree was entered. However, the separation agreement was not incorporated into the divorce order. The record indicates that only the defendant has remarried, and the plaintiff continues to reside in the marital residence with the two minor children.

On 28 March 1990 plaintiff-wife filed a complaint with the Cumberland County District Court, alleging that the defendant had breached the terms of the separation agreement. She asked

for specific performance of the agreement and that the court incorporate the separation agreement into the judgment. This action came to trial, and an order was signed by the District Court judge on 13 May 1991. The defendant-husband appeals.

The court expressly declined to incorporate the separation agreement into the 13 May 1991 order. The provisions in the order relating to custody, visitation and the obligations of the parties with regard to extraordinary medical and dental expenditures for the minor children are not in dispute.

The findings of fact pertinent to the present case are set out below:

10. That under the separation agreement which was entered into between the parties, the Defendant has been paying expenses toward the maintenance of the family residence as child support in the sum of $1,386.00 per month.

11. That based upon the child support guidelines which were enacted on July 1, 1990, the basic child support for the two minor children should be $890.00 per month; that the Defendant should pay to the Plaintiff as child support an amount equal to the first and second mortgages of the marital residence, the Cumberland County ad valorem taxes, and the property insurance which said amount is in the sum of $1,009.70 per month; that the difference in said sum of $1,386.00 per month which the Defendant was paying pursuant to the separation agreement and the sum of $1,009.70 will be deducted from the Defendant's equity in the marital residence.

The conclusions of law reflected these findings, and the court therefore ordered:

2. That the Defendant be and is hereby ordered to pay directly to the Plaintiff each month an amount equal to the first and second mortgages on the marital residence, the Cumberland County ad valorem taxes and the property insurance which amount is in the total sum of $1,009.70 per month as support for the two minor children; that the difference in said sum of $1,386.00 per month which the Defendant was paying pursuant to the separation agreement and the sum of $1,009.70 shall be deducted from the Defendant's equity in the marital residence at the rate of $376.30 per month, as a further portion of child support.

Defendant brings several arguments to this Court. First, he asserts that the lower court erred by deviating from the North Carolina Child Support Guidelines when it determined the amount of support for which defendant is responsible. Defendant further contends that the order's findings of fact are insufficient to support the amount of child support ordered, and as a result the presumptive amount as determined by application of the Child Support Guidelines constitutes the appropriate amount of his obligation for child support.

[1] The present North Carolina Child Support Guidelines have been in place since 1 October 1990 and are therefore applicable to the order presently before us. The guidelines are presumptive and are used by courts to properly determine child support obligations. *Greer v. Greer*, 101 N.C. App. 351, 352, 399 S.E.2d 399, 400 (1991). Failure to follow the guidelines constitutes reversible error. *Id.* at 354, 399 S.E.2d at 401. Trial courts are permitted to deviate from the guidelines only after a party requests the court hear evidence "relating to the reasonable needs of the child for support and the relative ability of each parent to provide support." N.C.G.S. § 50-13.4(c) (Cum. Supp. 1991). If the court finds, after examination of the evidence, that

> application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate the Court may vary from the guidelines. If the court orders an amount other than the amount determined by application of the presumptive guidelines, the court shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered.

N.C.G.S. § 50-13.4(c).

Defendant contends that the court improperly deviated from the presumptive guidelines because there was no notice of a request for a hearing to determine the reasonable needs of the children or the relative ability of the parents to pay support. However, the record indicates that evidence was nevertheless presented, without objection, on these issues. This constitutes a waiver of the notice requirement. *Browne v. Browne*, 101 N.C. App. 617, 624, 400 S.E.2d 736, 741 (1991). Defendant, then, cannot now be heard to complain about the lack of notice.

[2] Further complaining about the court's deviation from the guidelines, the defendant contends that the facts found by the court are insufficient to justify the amount of the support ordered. Specifically, defendant alleges the trial court failed to make sufficient findings of fact as to the estates, earnings, conditions, and accustomed standard of living of the children and the parents pursuant to N.C.G.S. § 50-13.4(c). The trial court is "required to make specific findings of fact with respect to factors listed in the statute." *Greer*, 101 N.C. App. at 355, 399 S.E.2d at 402 (citing *Boyd v. Boyd*, 81 N.C. App. 71, 343 S.E.2d 581 (1986)).

The trial court made findings of fact concerning the plaintiff-wife's job and present earnings, the defendant-husband's job, 1990 salary and 1991 monthly earnings, the reasonable monthly expenses and needs of the plaintiff and the two minor children, and the defendant's fixed total expenses and the amount he can reasonably afford to pay each month. We find these facts to be sufficiently specific to support the child support order. *Id.*

[3] Further, defendant argues that the lower court erred by modifying the separation agreement's property settlement provision. Defendant contends that the order awarding a monthly amount of equity in the family residence as child support to the plaintiff is a modification of the property settlement. Defendant contends error because the separation agreement here was not incorporated into the divorce decree, and the trial court expressly declined to incorporate it into the 13 May 1990 order. A separation agreement which is not incorporated into a court judgment is a contract and cannot be modified absent the consent of the parties. *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E.2d 338, 342 (1983).

The separation agreement executed by the parties included provisions for child support, child custody and visitation, and for the division of property. Under paragraph 5 of the "PROVISIONS FOR PROPERTY SETTLEMENT," the parties agreed that plaintiff should occupy the family residence with the minor children. Plaintiff's right to reside there terminates if one or more enumerated events occur. Should plaintiff's right of residence terminate, the house is to be sold and "the net proceeds from the sale shall be divided between the Husband and Wife with fifty percent (50%) to the Husband and fifty percent (50%) to the Wife."

In the child support order, the court ordered that "[an amount] shall be deducted from the Defendant's equity in the marital residence

at the rate of $376.30 per month, as a further portion of child support." Therefore, in the event that a sale of the marital house occurs, defendant will at that time receive less than his fifty percent equity in the house. Defendant contends that this is a modification of an unincorporated separation agreement, and absent the parties' consent, the court had no authority to take this action. We agree. The unincorporated separation agreement is a contract, and the court therefore erred by modifying one of its provisions without the consent of both parties.

We write further to express our concern about the nature of orders such as these. This order would have obligated the defendant to pay only $1,009.70 each month, even though the reasonable monthly needs of the children were determined to be $1,386.00. There is no guarantee when or even that the marital residence will one day be sold. As a consequence, there is likewise no guarantee that the children will ever realize the $376.30 per month being deducted from their father's equity in the house. While the law is clear that a defendant will not be made to specifically perform an obligation if he is incapable of doing so, *Cavenaugh v. Cavenaugh*, 317 N.C. 652, 657, 347 S.E.2d 19, 23 (1986), we do not see how it can be in the best interests of the children to require their support be paid in such a tenuous manner. If there are no available assets and if the monthly amount cannot be paid, the support must be reduced

We reverse and remand to the District Court for an order consistent with this opinion.

Chief Judge HEDRICK and Judge WYNN concur.