NORWOOD MARK HOLLAND, PLAINTIFF v. JANICE MARTIN HOLLAND, DEFENDANT

No. COA03-1501

(Filed 5 April 2005)

**1. Child Support, Custody, and Visitation— support—findings—determining income**

A child support order was remanded for further findings on plaintiff's income where the trial court based its amended order in January of 2003 on plaintiff's 2001 income. Although it would have been difficult to compute plaintiff's 2002 income accurately in January of 2003 due to the nature of his farming business, the necessary findings were not made.

**2. Child Support, Custody, and Visitation— support—determining income—depreciation**

The trial court erred in determining the self-employed plaintiff's income in a child support action by treating all depreciation as accelerated and failing to exercise its discretion in ruling on

**HOLLAND v. HOLLAND**

[169 N.C. App. 564 (2005)]

the deductibility of straight-line depreciation as a reasonable and necessary business expense.

### 3. Child Support, Custody, and Visitation— support—allocation of medical expenses

Where a child support award was remanded on other grounds, the award of attorney fees and the allocation of uninsured medical or dental expenses was remanded as well. The fact that the Child Support Guidelines include a generalized, cursory instruction concerning how the court "may" structure the responsibility for uninsured medical or dental expenses does not in any way alter the trial court's discretion to apportion these expenses.

Appeal by plaintiff from orders entered 3 December 2002, 10 January 2003, and 3 March 2003 by Judge Jimmy L. Love, Jr., in Johnston County District Court. Heard in the Court of Appeals 2 September 2004.

*Wyrick, Robbins, Yates & Ponton, L.L.P., by K. Edward Greene and Donald L. Beci, for plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Lynn P. Burleson and Jill Schnabel Jackson, for defendant-appellee.*

CALABRIA, Judge.

Norwood Mark Holland ("plaintiff") appeals from an amended order entered 10 January 2003 directing him to pay permanent child support for his minor child, attorney's fees to the custodial parent, Janice Martin Holland ("defendant"), and eighty percent of the minor child's uninsured medical or dental expenses. Plaintiff additionally appeals from a 3 March 2003 order denying his Rule 59 and Rule 60 motions pertaining to the trial court's 3 December 2002 child support order. We reverse and remand.

Plaintiff and defendant were married 21 December 1997, separated 6 October 2000, and divorced 15 November 2001. One child was born to the parties on 17 November 1998. On 17 January 2001, plaintiff filed a complaint for, *inter alia,* child custody and child support. In his first claim for relief, plaintiff alleged it would be in the best interest of the minor child for the parties to be awarded joint custody. Plaintiff further alleged that he and defendant owed a duty of support to the minor child and were capable of providing adequate support.

**HOLLAND v. HOLLAND**

[169 N.C. App. 564 (2005)]

Defendant filed an answer and counterclaims on 23 January 2001, which included, *inter alia*, counterclaims for child custody, child support, and reasonable attorney's fees. Approximately three months later, the trial court entered a temporary child support order requiring plaintiff to pay defendant $1,077.91 per month, but declined to enter an order for child custody until the parties had attended custody mediation, scheduled for May 2001.

On 16 October 2001, approximately five months after entry of the temporary child support order, plaintiff filed a motion to modify the order claiming the amount ordered was unreasonable and requesting a determination by the trial court of a reasonable and fair amount of child support. On 15 November 2001, the parties consented to custody and visitation. Pursuant to a consent order, custody of the minor child was awarded to defendant; plaintiff was awarded visitation privileges. This consent order did not include any reference to plaintiff's previously filed motion to modify the temporary child support, and the record does not reflect whether the trial court ever ruled on this motion.

A few months after the consent order for custody and visitation, on 2 August and 27 September 2002, hearings were held regarding child support. The trial court found plaintiff and defendant were both employed. Plaintiff had been employed since 1988 as a farmer and managed his mother and father's farm as well as his own farming operation. Defendant was employed as an administrative assistant at a local church, earning a monthly net income of approximately $1,600.00 with expenses in excess of her monthly income. The trial court summarized plaintiff's 2001 farming activities, and its pertinent findings of fact focused on his 2001 income and expenses. The trial court found, in pertinent part, the following facts: (1) plaintiff's yearly gross income was $99,376.00; (2) plaintiff deducted $65,006.00 for accelerated depreciation expenses; (3) plaintiff's adjusted gross income was $34,370.00; and (4) plaintiff was capable of providing child support in the amount of $1,061.38 per month beginning 1 December 2002 and was also capable of paying reasonable attorney's fees. The trial court additionally found neither party requested a deviation from the North Carolina Child Support Guidelines (the "Child Support Guidelines"). Based on these facts, the trial court entered a child support order on 3 December 2002 ordering plaintiff to pay: (1) child support in the amount of $1,061.38; (2) eighty percent of the child's uninsured medical or dental expenses, with defendant to pay the remaining twenty percent; and (3) $5,000.00 to defendant as attorney's fees.

**HOLLAND v. HOLLAND**

[169 N.C. App. 564 (2005)]

On 9 December 2002, plaintiff filed a motion for relief from judgment, for amendment of the child support order, and for a new trial based on the trial court's use of his 2001 tax return to determine child support rather than his income at the time of the hearing. On 10 January 2003, the trial court entered an amended order. The trial court's findings of fact, conclusions of law, and orders were identical to the prior order with the exception that plaintiff was found to be capable of and ordered to provide child support in the amount of $1,055.99 per month instead of $1,061.38.

[1] Plaintiff asserts the trial court committed reversible error by improperly determining his income because the trial court based the child support order on defendant's 2001 tax return instead of his income at the time the amended order was entered. We agree.

In pertinent part, N.C. Gen. Stat. § 50-13.4(c1) (2003) states:

[T]he Conference of Chief District Judges shall prescribe uniform statewide presumptive guidelines for the computation of child support obligations of each parent . . . and shall develop criteria for determining when, in a particular case, application of the guidelines would be unjust or inappropriate. . . . The purpose of the guidelines and criteria shall be to ensure that payments ordered for the support of a minor child are in such amount as to meet the reasonable needs of the child . . . having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

The Child Support Guidelines "apply as a rebuttable presumption in all legal proceedings involving the child support obligation of a parent . . . ." N.C. Child Support Guidelines, 2005 Ann. R. N.C. 47. We review a trial court's child support orders under an abuse of discretion standard, *Leary v. Leary*, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002), and failure to follow the Child Support Guidelines without support of proper findings of fact constitutes reversible error. *Rose v. Rose*, 108 N.C. App. 90, 93, 422 S.E.2d 446, 447 (1992).

Under the Child Support Guidelines, "[c]hild support calculations . . . are based on the parents' *current incomes at the time the order is entered*." N.C. Child Support Guidelines 2005 Ann. R. N.C. 49 (emphasis added). While the Child Support Guidelines provide that "[d]ocumentation of current income must be supplemented with copies of the most recent tax return to provide verification of earn-

ings over a longer period[,]" *id.*, this Court has "established that child support obligations are ordinarily determined by a party's *actual income at the time the order is made or modified.*" *Ellis v. Ellis*, 126 N.C. App. 362, 364, 485 S.E.2d 82, 83 (1997) (emphasis added). "[T]he court must determine [the parent's] gross income as of the time the child support order was originally entered, not as of the time of remand nor on the basis of [the parent's] average monthly gross income over the years preceding the original trial." *Lawrence v. Tise*, 107 N.C. App. 140, 149, 419 S.E.2d 176, 182 (1992).

The trial court may deviate from this rule and consider " 'a party's capacity to earn income . . . if it is found that the party deliberately depressed [his] income or otherwise acted in deliberate disregard of the obligation to provide reasonable support for [his] child' . . . [and] 'that [the party's] actions which reduced his income were not taken in good faith.' " *Ellis*, 126 N.C. App. at 364, 485 S.E.2d at 83 (quoting *Askew v. Askew*, 119 N.C. App. 242, 244-45, 458 S.E.2d 217, 219 (1995)). Additionally, after the trial court has determined the presumptive amount of child support based on a parent's current income, "the trial court may deviate from the presumptive amount if it determines that the . . . amount 'would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would otherwise be unjust or inappropriate.' " *Tise*, 107 N.C. App. at 150, 419 S.E.2d at 182 (quoting N.C. Gen. Stat. § 50-13.4(c)).

In the instant case, child support hearings were held on 2 August and 27 September 2002, and the trial court entered the child support order on 3 December 2002. About six weeks later, on 10 January 2003, an amended order was entered. However, neither order included findings concerning plaintiff's 2002 income. Rather, in both orders, the trial court expressly based the child support amount on plaintiff's 2001 income. Due to the nature of plaintiff's farming business, and the fact that most of his crops would have been harvested and sold in the late summer and fall, it would have been difficult for the trial court to have computed plaintiff's 2002 income with any degree of accuracy. While we believe the trial court could have used plaintiff's 2001 income to determine his income for purposes of computing his child support obligation, the order fails to support this approach with the necessary findings of fact. *See generally Greer v. Greer*, 101 N.C. App. 351, 399 S.E.2d 399 (1991). Accordingly, we reverse and remand the order for findings concerning plaintiff's 2002 income and for the entry of a child support order on that basis.

**HOLLAND v. HOLLAND**

[169 N.C. App. 564 (2005)]

**[2]** Plaintiff also asserts the trial court erred in its method of computing his income from his 2001 tax return. Since it is likely to recur upon remand, we deem it necessary to address this issue.

The trial court's findings of fact 22, 23, and 24 read as follows:

22. The plaintiff's 2001 US Individual Income Tax Return indicated an adjusted gross income of $34,370.00.

23. The plaintiff's 2001 US Individual Income Tax Return indicated deductions for accelerated depreciation expenses in the amount of $65,006.00.

24. The plaintiff's yearly gross income for the year 2001 is $99,376.00.

Plaintiff does not assign error to finding 22; therefore, it is binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Plaintiff does assign error to findings 23 and 24.

It is evident the trial court computed plaintiff's income by adding the adjusted gross income of $34,370.00 to the deduction for accelerated depreciation expenses of $65,006.00. All of the figures for findings of fact 22 through 24 are derived from plaintiff's 2001 federal income tax return, which the trial court received into evidence. Plaintiff contends the trial court erred in finding he had accelerated depreciation in the amount of $65,006.00. We agree.

The Child Support Guidelines deal specifically with the computation of income from self-employment or operation of a business. This provision is applicable to the computation of plaintiff's income since he was self-employed in the business of farming.

(2) **Income from self-employment or operation of a business.** Gross income from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, is defined as gross receipts minus ordinary and necessary expenses required for self-employment or business operation. Ordinary and necessary business expenses do not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses, investment tax credits, or any other business expenses determined by the court to be inappropriate for determining gross income. In general, income and expenses from self-employment or operation of a business should be carefully reviewed to determine an appropriate level of gross income available to the

parent to satisfy a child support obligation. In most cases, this amount will differ from a determination of business income for tax purposes.

N.C. Child Support Guidelines, 2005 Ann. R. N.C. 49.

Schedule F of plaintiff's 2001 tax return shows depreciation of $64,234.00 and amortization of $772.00. Together these total $65,006.00. The trial court found the entire amount of this total to be accelerated depreciation. This finding is not supported by the evidence. Straight-line depreciation is computed by taking the purchase price of an asset and dividing it by the depreciable life of the asset as determined by the Internal Revenue Code ("IRC"). *See generally* 26 U.S.C. § 167 (2000); *FPC v. Memphis Light, Gas & Water Div.*, 411 U.S. 458, 460, 36 L. Ed. 2d 426, 430 n.1 (1973). For certain assets, the IRC allows assets to be depreciated more rapidly than straight-line depreciation. *See generally* 26 U.S.C. § 168 (2000); *Memphis Light*, 411 U.S. at 460, 36 L. Ed. 2d at 430 n.1. In this case, plaintiff's farm equipment was depreciated under a 150% declining-balance method, an accelerated method of depreciation. The accelerated component of depreciation is the difference between the 150% declining-balance depreciation and straight-line depreciation in a given year. It is not the entire amount of depreciation, as found by the trial court.

This is best illustrated by using an example from plaintiff's depreciation schedule, which was part of plaintiff's 2001 tax return. This schedule shows a Taylor Tobacco Combine purchased on 15 January 1999 having a depreciable life of five years and a cost basis of $22,250.00. The annual straight-line depreciation for this item would have been $4,450.00. Plaintiff claimed a depreciation deduction of $4,673.00 on his 2001 tax return. Of this amount, only $223.00 would be attributable to the accelerated-depreciation component, not the full $4,673.00. It should be noted that for most of the equipment shown on the depreciation schedule, the depreciation claimed by plaintiff for his 2001 taxes was less than the amount of straight-line depreciation.

In *Tise*, this Court held that under the Child Support Guidelines accelerated depreciation was not allowed as a deduction from a parent's business income. *Tise*, 107 N.C. App. at 147, 419 S.E.2d at 181. Regarding straight-line depreciation, *Tise* holds that "the approach more consistent with our Guidelines is to vest the trial court with the discretion to deduct from a parent's monthly gross income the

amount of straight line depreciation allowed by the Internal Revenue Code." *Id.*

The trial court erred in treating all depreciation as accelerated depreciation and failed to exercise its discretion in ruling on the deductibility of the straight-line depreciation as a reasonable and necessary business expense. Upon remand, the trial court should compute plaintiff's income in accordance with the Child Support Guidelines and this Court's decision in *Lawrence v. Tise.*

[3] Having reversed and remanded the trial court's award of child support, we also set aside the award of attorney's fees and the trial court's allocation of uninsured medical or dental expenses. On remand, the trial court, upon request, shall reconsider these issues and will have the benefit of the 2002 Child Support Guidelines effective 1 October 2002, which added the following provision concerning uninsured medical or dental expenses:

> The court *may* order that uninsured medical or dental expenses in excess of $100 per year or other uninsured health care costs (including reasonable and necessary costs related to orthodontia, dental care, asthma treatments, physical therapy, treatment of chronic health problems, and counseling or psychiatric therapy for diagnosed mental disorders) *be paid by the parents in proportion to their respective incomes.*

N.C. Child Support Guidelines, 2005 Ann. R. N.C. 50 (emphasis added).

The fact that the Child Support Guidelines now include a generalized, cursory instruction concerning how the court "may" structure the responsibility for these uninsured expenses does not in any way alter the trial court's discretion to apportion these expenses, described and applied in *Tise,* 107 N.C. App. at 150, 419 S.E.2d at 183. Because the Child Support Guidelines neither require the trial courts to follow a certain formula nor prescribe what the trial courts "should" or "must" do in this regard, it follows that when the trial court does not allocate uninsured medical or dental expenses consistent with the parents' "respective incomes" as revealed by the child support worksheets, such an allocation would not constitute a "deviation" from the Guidelines that would have to be supported by findings as to why application of the Guidelines would be "unjust or inappropriate." *See* N.C. Gen. Stat. § 50-13.4(c) (2003). Given the wide discretion afforded our trial courts in matters

concerning the allocation of uninsured medical or dental expenses, then, such decisions cannot be disturbed on appeal absent a manifest abuse of discretion.

Additionally, "[o]n remand, the trial court shall rely upon the existing record, but may in its sole discretion receive such further evidence and further argument from the parties as it deems necessary and appropriate to comply with the instant opinion." *Heath v. Heath*, 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999). We reverse and remand the trial court's amended order, and therefore, we need not address plaintiff's remaining arguments.

Reversed and remanded.

Judges STEELMAN and LEVINSON concur.