IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-231

No. COA20-442

Filed 1 June 2021

Craven County, No. 16 CVD 231

CRAVEN COUNTY on behalf of JESSICA L. WOOTEN, Plaintiff,

v.

ADEL HAGEB, Defendant.

Appeal by defendant from order entered 2 December 2019 by Judge Peter Mack, Jr., in Craven County District Court. Heard in the Court of Appeals 24 March 2021.

*No brief filed on behalf of plaintiff-appellee.*

*McIlveen Family Law Firm, by Ashley Stucker, for defendant-appellant.*

ZACHARY, Judge.

¶ 1    Defendant Adel Hageb ("Father") appeals from an order requiring him to pay child support to Plaintiff Jessica L. Wooten ("Mother") for the support of their two minor children, A.H. and N.H.[1] After careful review, we remand to the trial court for the entry of additional findings of fact.

## Background

¶ 2    Father and Mother were involved in a romantic relationship, but never

---

[1] Initials are used to protect the identities of the juveniles.

married. On 23 February 2016, two months after A.H. was born, the Craven County Child Support Enforcement Agency ("CSEA") filed a complaint on Mother's behalf, as her designated representative under N.C. Gen. Stat. § 110-129(5) (2019), seeking child support from Father. Father filed his answer on 28 March 2016, in which he moved the court to order a paternity test. The resulting paternity test showed "a probability of 99.99% that [Father was] the biological father" of A.H. On 29 July 2016, the parties entered into a consent order obligating Father, *inter alia*, to provide health insurance coverage for A.H. and to pay Mother $1,000.00 per month in child support.

On 23 April 2018, eight months after N.H. was born, CSEA filed a complaint on Mother's behalf seeking child support for N.H., to which Father responded with his answer generally denying Mother's allegations. On 7 January 2019, based on "testimony and genetic test results showing 99.99% [probability that Father was] the father" of N.H., the trial court entered a child support transmittal order consolidating the two child support cases, obligating Father to provide health insurance coverage for N.H. as well as A.H., and ordering Father to contribute the sum of $2,554.00 per month to the support of N.H. and A.H., pending a final hearing.[2]

On 9 September 2019, the issue of permanent child support came on for hearing in Craven County District Court before the Honorable Peter Mack, Jr. At the

---

[2] The record on appeal does not contain a temporary child support order dated 7 January 2019; only the child support transmittal order is included in the record.

hearing, Father testified that he has seven biological children, five of whom were then younger than 18, A.H. and N.H. included. Of his three other minor children, Father testified that two live with him, and the third lives with the child's mother in Yemen.

¶ 5 On 2 December 2019, the trial court entered its order obligating Father to contribute $2,605.22 per month toward the support of A.H. and N.H. In support of its child support determination, the trial court made the following findings of fact:

> 6. [Father] is presently under a Temporary Order of the Court dated 01/07/2019 requiring [Father] to pay the sum of $2,554.00 per MONTH for the support of his children; [N.H. and A.H.]
>
> 7. [Father] is self-employed and has a gross income of $19,454.39 per month.
>
> 8. [Mother] is self-employed and has [a] gross income of $1,800.00 per month.

Handwritten next to finding of fact #7, the trial court added: "The Court reviewed tax returns provided by [Father]. Income from [Father]'s business for gaming and lottery was not included."

¶ 6 Following the court's ninth and final typed finding of fact, two additional findings were handwritten:

> 10. [Father] was given credit for one biological child in his home as his name was listed as the father on the birth certificate. The other birth certificate provided did not have [Father]'s name listed as the child's father.
>
> 11. [Father] shows significant personal expenses as business expense[s] on his tax returns.

The trial court did not attach a Child Support Guidelines Worksheet to the order.

¶ 7        Father timely filed his notice of appeal on 20 December 2019.

### *Discussion*

¶ 8        On appeal, Father argues that the trial court erred by failing to make sufficient findings of fact concerning its calculation of his gross monthly income; by improperly calculating his gross monthly income; and by failing to give him credit for one of his biological children who resided in his home. In that the trial court's findings of fact are insufficient to support appellate review, we are precluded from addressing the merits of these arguments.

#### I.        *Standard of Review*

¶ 9        "Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." *Jonna v. Yaramada*, ___ N.C. App. ___, ___, 848 S.E.2d 33, 41 (2020) (citation omitted). "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Plott v. Plott*, 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985) (citation omitted).

¶ 10       However, determinations of gross income in a child support order are conclusions of law reviewed de novo, rather than findings of fact. *Lawrence v. Tise*, 107 N.C. App. 140, 145 n.1, 419 S.E.2d 176, 179 n.1 (1992). If the trial court labels a

conclusion of law as a finding of fact, this Court still conducts de novo review. *Thomas v. Burgett*, 265 N.C. App. 364, 367, 852 S.E.2d 353, 356 (2019).

## II. *Findings of Fact*

¶ 11 Father argues that the trial court erred by failing to make findings of fact sufficient to support its calculation of his gross monthly income from self-employment. We agree.

¶ 12 "The calculation of child support is governed by North Carolina Child Support Guidelines established by the Conference of Chief District Court Judges." N.C. Child Support Servs., N.C. Dep't of Health & Human Servs., https://ncchildsupport.com/ecoa/cseGuideLines.htm (last visited May 12, 2021). "Failure to follow the [G]uidelines constitutes reversible error." *Rose v. Rose*, 108 N.C. App. 90, 93, 422 S.E.2d 446, 447 (1992).

¶ 13 The Guidelines define "gross income" as "a parent's actual gross income from any source, including but not limited to income from employment or self-employment . . . [or] ownership or operation of a business, partnership, or corporation[.]" N.C. Child Support Guidelines, at 3 (2019). The actual gross income derived from self-employment is calculated by subtracting the "ordinary and necessary expenses required for self-employment or business operation" from the gross receipts. *Id.*

¶ 14 When a trial court enters a child support order, it must "make sufficient findings of fact and conclusions of law to allow the reviewing court to determine

whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." *Johnston Cty. ex rel. Bugge v. Bugge*, 218 N.C. App. 438, 440, 722 S.E.2d 512, 514 (2012) (citation omitted). "Such findings are necessary to an appellate court's determination of whether the judge's order is sufficiently supported by competent evidence." *Plott*, 313 N.C. at 69, 326 S.E.2d at 867.

> In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence. It is not enough that there may be evidence in the record sufficient to support findings which *could have been made*. The trial court must itself determine what pertinent facts are actually established by the evidence before it[.]

*Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (citation omitted). It is not for this Court to determine de novo "the weight and credibility to be given to evidence disclosed by the record on appeal." *Id.* at 712–13, 268 S.E.2d at 189.

¶ 15 Here, the trial court's findings of fact in its child support order are not sufficient to allow us to effectively review its calculation of Father's gross monthly self-employment income. The trial court's order includes two findings of fact that simply state the calculated gross monthly incomes for each of the parents. The trial court also made one finding that states that the court "reviewed tax returns provided by" Father and that "[i]ncome from [Father]'s business for gaming and lottery was not included[,]" and another finding that Father "shows significant personal expenses as business expense[s] on his tax returns." These findings are more conclusory than

explanatory; they offer us no basis for review of the trial court's application of the law to the evidence presented.

¶ 16      For example, Father argues that the trial court erred by failing to exercise its discretion in ruling on the deductibility of his straight-line depreciation as an ordinary and necessary business expense required for the operation of his business. This Court has repeatedly concluded that "under the Child Support Guidelines accelerated depreciation [is] not allowed as a deduction from a parent's business income." *Holland v. Holland*, 169 N.C. App. 564, 570, 610 S.E.2d 231, 236 (2005). However, we have also concluded that the trial court has "the discretion to deduct from a parent's monthly gross income the amount of straight[-]line depreciation allowed by the Internal Revenue Code." *Id.* at 570–71, 610 S.E.2d at 236 (citation omitted). Upon review of the trial court's order in this case, "we are unable to ascertain how the trial court treated depreciation. . . . Thus, the findings in this regard are not sufficiently specific to indicate to this Court whether the trial court properly applied the Guidelines in computing Father's gross income, and remand is necessary." *Lawrence*, 107 N.C. App. at 148, 419 S.E.2d at 181.

¶ 17      On remand, the trial court should compute Father's income in accordance with the Child Support Guidelines, and record its calculations in findings of fact consistent with this Court's rulings in *Holland* and *Lawrence. See Holland*, 169 N.C. App. at 571, 610 S.E.2d at 236. The findings of fact should address which, if any, of Father's

ordinary and necessary expenses the trial court considered in calculating Father's gross income for child support purposes, as well as how it calculated his gross income based upon its consideration of the evidence presented. We note that "[t]he trial judge has the authority to believe all, any, or none" of the evidence and testimony presented when sitting as the finder of fact. *Sharp v. Sharp*, 116 N.C. App. 513, 530, 449 S.E.2d 39, 48, *disc. review denied*, 338 N.C. 669, 453 S.E.2d 181 (1994). However, the trial court must specifically articulate the rationale for its findings and conclusions. *See Coble*, 300 N.C. at 714, 268 S.E.2d at 190.

### III. *Credit for Biological Child*

Father also argues that the trial court erred, in calculating his child support obligation, by failing to credit him for his biological child who lives in his home. In its child support order, the trial court stated that Father "was given credit for one biological child in his home as his name was listed as the father on the birth certificate. The other birth certificate provided did not have [Father]'s name listed as the child's father."

The Child Support Guidelines provide that "[a] parent's financial responsibility . . . for his or her natural or adopted children who currently reside with the parent (other than children for whom child support is being determined in the pending action) is deducted from the parent's gross income." N.C. Child Support Guidelines, at 4. We note that evidence other than a parent's name on a child's birth certificate

can be sufficient to establish parentage; for instance, this Court has vacated and remanded a child support order where the father "presented evidence that he has one daughter from his present marriage and that she lives in his household," concluding that "the trial court erred when it failed to take this into account in determining [the f]ather's gross income." *Kennedy v. Kennedy*, 107 N.C. App. 695, 702, 421 S.E.2d 795, 799 (1992).

¶ 20 In the instant case, it is apparent that the trial court took some of Father's evidence into account when it determined that he would receive credit for one child living in his home but not the other. At trial, Father testified that he is the biological father of the child for whom the trial court declined to give him credit. Of course, the trial court was free not to believe this testimony. *See Sharp*, 116 N.C. App. at 530, 449 S.E.2d at 48. However, the trial court did not articulate its rationale for declining to give Father credit for the second child living in his home. Accordingly, on remand, the trial court shall state in its findings of fact why it did not credit Father for one of the children residing in Father's home. If the trial court did not find Father's testimony to be credible, it should state so in its order. The trial court must articulate its rationale with sufficient specificity to facilitate effective appellate review. *Coble*, 300 N.C. at 714, 268 S.E.2d at 190.

### *Conclusion*

¶ 21 For the foregoing reasons, we remand the child support order to the trial court

for the entry of further findings of fact. "[O]n remand, the trial court shall rely upon the existing record, but may in its sole discretion receive such further evidence and further argument from the parties as it deems necessary and appropriate to comply with the instant opinion." *Holland*, 169 N.C. App. at 572, 610 S.E.2d at 237 (citation omitted).

REMANDED.

Judges DILLON and COLLINS concur.