IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-328

Filed 17 December 2024

Mecklenburg County, No. 19CVD23473

MECKLENBURG COUNTY, O/B/O,
SHANNON HERRON, Plaintiff,

v.

KEDRIC R. PRESSLEY, Defendant.

Appeal by defendant from order entered 14 September 2023 by Judge Dennis J. Redwing in Mecklenburg County District Court. Heard in the Court of Appeals 22 October 2024.

*Myers Law Firm, PLLC, by Matthew R. Myers, for defendant-appellant.*

*Cavanaugh Hamrick & McCarthy, PLLC, by Brandon T. McCarthy, for plaintiff-appellee.*

FLOOD, Judge.

Defendant Kedric R. Pressley appeals from the trial court's order modifying his child support payment. On appeal, Defendant argues the trial court abused its discretion in modifying the amount of child support without making sufficient findings of fact. Upon review, we agree and conclude the trial court's order is not supported by sufficient findings of fact regarding depreciation expenses. Accordingly, we reverse and remand for further findings of fact.

- 1 -

## I. <u>Factual and Procedural Background</u>

Defendant and Sharon Herron ("Plaintiff") are the parents of two minor children, both born in 2011. Defendant and Plaintiff were never married. Defendant is a self-employed dump truck owner and operator.

In 2019, the trial court entered an order requiring Defendant to pay $50.00 per month in child support. Several years later, in 2022, Plaintiff filed a motion for modification of child support and for attorney's fees.

The trial court heard Plaintiff's motion on 16 August 2023. At the hearing, Plaintiff introduced Defendant's tax returns for 2021 and 2022, wherein Defendant claimed depreciation deductions regarding his business expenses on Schedule C of his personal tax returns. The trial court determined that it would consider Defendant's tax returns for the purposes of establishing income, but it would "not accept[]" the depreciation expenses. The depreciation expenses were thus added back to Defendant's gross receipts, which resulted in Defendant's gross monthly income being set at $4,783.83. The trial court thereafter ordered Defendant to pay $905.35 per month in child support.

Defendant timely appealed to this Court.

## II. <u>Jurisdiction</u>

This Court has jurisdiction to review a final order from a district court pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III. <u>Standard of Review</u>

"Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." *Head v. Mosier*, 197 N.C. App. 328, 332, 677 S.E.2d 191, 195 (2009) (citation omitted). "The standard of review for findings made by a trial court sitting without a jury is whether any competent evidence exists in the record to support said findings." *Row v. Row*, 185 N.C. App. 450, 460, 650 S.E.2d 1, 7 (2007) (citation and internal quotation marks omitted). The trial court is required to "make findings of those specific facts which support its ultimate disposition of the case . . . to allow a reviewing court to determine from the record whether the judgment and the legal conclusions which underlie it represent a correct application of the law." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980).

Additionally, "the trial court must articulate its rationale with sufficient specificity to facilitate effective appellate review." *Craven Cnty. ex rel v. Hageb*, 277 N.C. App. 586, 591, 861 S.E.2d 571, 575 (2021) (citation omitted) (remanding where the trial court's findings on the defendant's income, including the defendant's depreciation expenses, were "more conclusory than explanatory" and "offer[ed] us no basis for review of the trial court's application of the law to the evidence presented").

## IV. Analysis

On appeal, Defendant argues Findings of Fact 22, 25, 26, 27, and 29 are not supported by competent evidence, and thus, the trial court abused its discretion in modifying the amount of child support. Specifically, Defendant contends the trial

court failed to "make the required distinctions between straight-line and accelerated depreciation deductions as required" when calculating Defendant's income, and therefore the challenged findings are not supported by competent evidence. While we disagree the trial court must make findings as to any required distinctions between straight-line and accelerated depreciation deductions, we agree that the trial court abused its discretion, as its findings are not supported by competent evidence.

"This Court has established that child support obligations are ordinarily determined by a party's actual income at the time the order is made or modified." *Holland v. Holland*, 169 N.C. App. 564, 568, 610 S.E.2d 231, 234 (2005) (citation and internal quotation marks omitted). Under the North Carolina Child Support Guidelines, child support obligations are "based upon net income converted to gross annual income[.]" N.C. Child Support Guidelines, Income (1) (2023). The Guidelines state that income "means a parent's actual gross income from any source, including but not limited to income from employment or self-employment (salaries, wages, commissions, bonuses, dividends, severance pay, etc.), ownership or operation of a business[.]" N.C. Child Support Guidelines, Income (1). The Guidelines further provide:

> Gross income from self-employment . . . is defined as gross receipts minus ordinary and necessary expenses required for self-employment or business operation. Ordinary and necessary business expenses *do not include* amounts allowable by the Internal Revenue Service for the *accelerated component of depreciation expenses*, investment tax credits, or *any other business expenses determined by*

> *the court to be inappropriate for determining gross income.*
> In general, income and expenses from self-employment or
> operation of a business should be carefully reviewed to
> determine an appropriate level of gross income available to
> the parent to satisfy a child support obligation. In most
> cases, this amount will differ from a determination of
> business income for tax purposes.

N.C. Child Support Guidelines, Income (2) (2023) (emphasis added).

In *Lawrence v. Tise*, we considered whether the trial court properly treated depreciation expenses from the defendant's income per the Guidelines when setting a child support order. 107 N.C. App. 140, 147, 419 S.E.2d 176, 181 (1992). In *Lawrence*, the trial court "did not consider any depreciation in computing [the] defendant's rental property losses"; it did, however, determine "the amount of depreciation claimed by [the] defendant on his income tax returns, but [the record was] not clear whether the [trial] court considered the depreciation in computing defendant's monthly gross income." *Id.* at 148, 419 S.E.2d at 181.

We remanded the matter for a new trial because we were "unable to ascertain how the trial court treated [the defendant's] depreciation[.]" We explained that the "findings . . . [we]re not sufficiently specific to indicate to this Court whether the trial court properly applied the Guidelines in computing [the defendant]'s gross income," and "to the extent, if any, the trial court considered depreciation, the record d[id] not reveal whether the depreciation claimed by [the] defendant was straight[-]line or accelerated." *Id.* at 148, 419 S.E.2d at 181; *see also Cauble v. Cauble*, 133 N.C. App. 390, 398, 515 S.E.2d 708, 714 (1999) (affirming the trial court's disallowance of

depreciation where the findings articulated that the trial court disallowed "in the interest of justice," such that there was no abuse of discretion in applying the Guidelines).

Here, the trial court found that Defendant claimed $41,707.00 as depreciation expenses as part of his business expenses in 2021, and $37,409.00 in 2022. The trial court found and concluded in Finding of Fact 22:

> [Defendant] presented evidence that his 2022 business-related expenses totaled $80,323,13 *exclusive* of depreciation. The [trial c]ourt is using [Defendant]'s tax returns and not accepting the deduction for as [sic] "Depreciation and section 179 expense deduction" and is not considering the actual expenses introduced into evidence.

The trial court then made the following findings of fact:

> 25. [Defendant's] depreciation expense(s) for 2021 and 2022 should be added back in for the purpose of calculating his gross income in those years.
>
> 26. Adding back [Defendant's] claimed depreciation expense in 2021 results in [Defendant] having gross monthly income in 2021 of $4,810.41 per month.
>
> 27. Adding back [Defendant's] claimed depreciation expense in 2022 results in [Defendant] having gross monthly income in 2022 of $4,757.25 per month.
>
> . . . .
>
> 29. [Defendant's] average gross monthly income from 2021 and 2022 is $4,783.83 and that figure is appropriate for the [trial c]ourt to use in determining [Defendant's] prospective child support obligation to [Plaintiff].

As in *Lawrence,* where this Court could not determine how the trial court treated the defendant's depreciation, we are "unable to ascertain how the trial court treated depreciation" and whether the trial court properly treated the depreciation as set by the Guidelines. *See Lawrence,* 107 N.C. App. at 148, 419 S.E.2d at 181. Although *Lawrence* does not require the trial court to distinguish between types of depreciation, its holding does require the trial court to provide a reviewing court with findings of fact such that the reviewing court has the ability to "ascertain how the trial court treated [the defendant's] depreciation[.]" *See id.* at 148, 419 S.E.2d at 181.

While evidence presented by Defendant may tend to show he was taking accelerated depreciation, which would make the trial court's actions proper, as accelerated depreciation is not allowed to be included per the Guidelines, *see Lawrence* 107 N.C. App. at 147, 419 S.E.2d at 181, the trial court did not make a finding of fact that it was treating the depreciation as accelerated, and we cannot make that finding for it. *See In re L.C.*, 293 N.C. App. 380, 385, 900 S.E.2d 697, 710 (2024) ("[T]his Court cannot assume findings of fact the trial court did not make, even if there is evidence to support such findings."). When stating it was going to look only at the tax returns, the trial court explained that "[i]f certain things were important, the accountant would've been here. And I am just not going to entertain that, otherwise." The trial court made no finding that the depreciation was inappropriate for income calculation and articulated no rationale as to why it declined to accept the depreciation on the tax returns. *See* N.C. Child Support Guidelines, Income (2); *see*

*also Cauble*, 133 N.C. App. at 399, 515 S.E.2d at 714; *Hageb*, 277 N.C. App. at 591, 861 S.E.2d at 575.

Here, the trial court failed to "articulate its rationale with sufficient specificity to facilitate effective appellate review[,]" such that we cannot conclude there was no abuse of discretion in applying the Guidelines. *Hageb*, 277 N.C. App. at 591, 861 S.E.2d at 575; *see also Cauble*, 133 N.C. App. at 399, 515 S.E.2d at 714. We therefore hold the trial court failed to make findings of fact to support its ultimate disposition that would "allow a reviewing court to determine from the record whether the judgment and the legal conclusions which underlie it represent a correct application of the law." *See Coble*, 300 N.C. at 712, 268 S.E.2d at 189; *see also Hageb*, 277 N.C. App. at 591, 861 S.E.2d at 575.

While depreciation other than accelerated may be "determined by the [trial] court to be inappropriate for determining . . . income[,]" the trial court here made no findings that Defendant's depreciation was inappropriate for income determination. *See* N.C. Child Support Guidelines, Income (2); *see also Cauble*, 133 N.C. App. at 399, 515 S.E.2d at 714; *Hageb*, 277 N.C. App. at 591, 861 S.E.2d at 575. Because the findings of fact made by the trial court "are not sufficiently specific to indicate to this Court whether the trial court properly applied the Guidelines in computing [Defendant's] gross income," remand is necessary. *See Lawrence,* 107 N.C. App. at 148, 419 S.E.2d at 181; *see also Cauble*, 133 N.C. App. at 399, 515 S.E.2d at 714; *Hageb*, 277 N.C. App. at 591, 861 S.E.2d at 575; *Holland*, 169 N.C. App. at 571, 610

S.E.2d at 236.  Thus, we reverse and remand.

## V. <u>Conclusion</u>

Upon review, we conclude the trial court abused its discretion in modifying the amount of child support Defendant must pay, where it failed to support its order with sufficient findings of fact as to how it treated the depreciation to support its conclusion for not accepting any of the depreciation.  We therefore reverse and remand for further findings of fact, consistent with this opinion.

REVERSED AND REMANDED.

Judge MURPHY concurs.

Judge STROUD dissents in separate opinion.

STROUD, Judge, dissenting.

Because the trial court's findings of fact are supported by the evidence and the calculation of Defendant's gross income was done in accord with the North Carolina Child Support Guidelines, I respectfully dissent.

As the majority opinion notes, Defendant contends the trial court failed to "'make the required distinctions between straight-line and accelerated depreciation deductions as required' when calculating Defendant's income, and therefore the challenged findings are not supported by competent evidence." In fact, the trial court's failure to distinguish between straight-line and accelerated depreciation was Defendant's primary argument in this appeal. He argued specifically as follows:

> Finding of Fact #22 did not make any distinction between straight-line deductions or accelerated deductions. Findings of Fact #25, #26, #27, and #29 are all based on the trial court's decision to use the tax returns and exclude the depreciation deduction. However, these Findings do not make the required distinctions between straight-line and accelerated depreciation deductions as required by *Holland*. Fu[r]thermore, the trial court did not make any other Findings about the nature of the depreciation listed on [Defendant's] Schedule C. *There was not any evidence presented about what the depreciation was related to, so the trial court could not have made the required Findings.* The trial court also did not make any Findings about how it was exercising its discretion in ruling on the deductibility of the straight-line depreciation as a reasonable and necessary business expense. Since the trial court failed to make the necessary Findings, Findings of Fact #22, #25, #26, #27 and #29 are not supported by competent evidence.

(Emphasis added.)

The majority opinion rejects Defendant's argument, stating that it disagrees that "the trial court must make findings as to any required distinctions between straight-line and accelerated depreciation deductions[.]" But then it holds that the trial court abused its discretion because its findings "are not supported by competent evidence." This statement is mystifying, as the findings are clearly supported by Defendant's income tax returns and the amounts stated in the findings are taken from those income tax returns. Later, despite the majority's disagreement with Defendant's argument that "the trial court must make findings as to any required distinctions between straight-line and accelerated depreciation deductions," the majority then remands for the trial court to do just that, stating that "the trial court did not make a finding of fact that it was treating the depreciation as accelerated, and we cannot make that finding for them."

The majority is correct that if the evidence was presented to the trial court, "we cannot make that finding" for the trial court. But here, the evidence was not presented to the trial court, nor did Defendant make an argument regarding his depreciation expenses before the trial court. In fact, Defendant argued to this Court that he did not present this evidence: "There was not any evidence presented about what the depreciation was related to, so the trial court could not have made the required Findings." The trial court's findings were supported by the evidence and it

made sufficient findings of fact to allow appellate review, and that is all the law requires.

Any failure in the findings of fact to make a distinction between straight-line and accelerated depreciation was not the trial court's failure; instead, Defendant failed to present evidence to support his contention on appeal that the trial court was essentially required to treat his depreciation as straight-line depreciation and to allow him a deduction from his gross income – but that is his argument on appeal. There is no need for remand for additional findings of fact regarding depreciation because the trial court's Order adequately addressed the evidence presented and the arguments Defendant made to the trial court. We should not ask the trial court to make additional findings of fact on remand based upon non-existent evidence or to address arguments a party did not make at the trial.

The majority also noted the trial court's findings of fact regarding depreciation. Findings 22, 25, 26, 27, and 29 noted Defendant presented evidence including his business-related expenses, his income tax returns, and his depreciation expense as shown on the income tax returns for 2021 and 2022. Although the majority states that these "findings *are not supported by competent evidence*," (emphasis added,) the only actual problem with the findings the majority identifies is the trial court's failure to make a finding classifying Defendant's depreciation as accelerated or straight-line. The numbers stated in these findings are clearly supported by the evidence and Defendant does not contend on appeal they are not. Defendant just wanted the trial

court to use different numbers based upon different evidence – his own copies of receipts and other financial records – instead of his professionally-prepared income tax returns. The trial court's decision to rely upon the tax returns is a judgment regarding the weight and credibility of the evidence, which is determined solely by the trial court. *See Berry v. Berry*, 257 N.C. App. 408, 417, 809 S.E.2d 908, 914 (2018) ("It is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal." (citations, quotation marks, and brackets omitted)).

The majority relies upon *Lawrence v. Tise*, 107 N.C. App. 140, 419 S.E.2d 176 (1992), to remand for additional findings regarding depreciation. But the Order on appeal is unlike the order in *Lawrence*. *See id*. In *Lawrence*, the trial court apparently reduced the defendant's gross income based on depreciation and the plaintiff appealed, contending that under the Child Support Guidelines, accelerated depreciation should not be deducted from the defendant's gross income for purposes of child support. *See id*. at 144-45, 419 S.E.2d at 179-80. This Court remanded for additional findings for several reasons. *See id*. at 148, 419 S.E.2d at 181. First, this Court was "unable to ascertain how the trial court treated depreciation." *Id*. Here, we can ascertain how the trial court treated depreciation. Findings 22, 25, 26, and 27 address the gross income amounts, the depreciation amounts, and the fact that the trial court was "not accepting the deduction for as (sic) 'Depreciation and section 179 expense deduction[.]'" The trial court's explanation of its treatment of

depreciation was adequate; in fact, it was more detailed than the finding this Court found to be adequate in *Cauble v. Cauble*, 133 N.C. App. 390, 515 S.E.2d 708 (1999), where the trial court simply disallowed the depreciation "in the interest of justice."[1]

In *Cauble*, this Court reversed and remanded for a new calculation of child support based upon the trial court's failure to consider the "defendant's 100% ownership interest in Fun Park" and thus the findings were not specific enough "to indicate to this Court whether the trial court properly applied the Guidelines in computing [the defendant's] gross income." *Id*. at 399-400, 515 S.E.2d at 714. But this Court *rejected* the defendant's contention regarding the trial court's treatment of depreciation expenses related to another business entity the defendant owned, Stanly Farm. *See id*. at 398, 515 S.E.2d at 713. The defendant contended that the trial court erred because it "failed to deduct from the income of Stanly Farm the reasonable and necessary expenses of depreciation and bad debt incurred in an accrual accounting tax computation;" this Court found his argument "unpersuasive" and explained:

> Under the Guidelines, the trial court is accorded the discretion to discern those business expenses which are "inappropriate for determining gross income for purposes of calculating child support." In the case *sub judice*, the trial court disallowed *"in the interest of justice"* deductions of $71,886.68 in bad debt and $6,447.53 in depreciation taken by Stanly Farm in 1996. The court stated in its order that the bad debt "did not represent cash dollars flowing

---

[1] In *Cauble*, the trial court stated more detail about the "bad debt," but the only basis stated for disallowing the depreciation was "in the interest of justice." 133 N.C. App. at 398-99, 515 S.E.2d at 714. So based on *Cauble*, it would appear the trial court could comply with the majority's directions on remand if it simply adds the words "in the interest of justice" to finding of fact 22. *See id*.

out of Stanly Farm during 1996." The court also noted that

> since June 1, 1983, Stanly Farm had taxable income each calendar year, with the exception of 1996, which tax return shows a taxable income loss of $1,498.71.
>
> In light of such findings, as well as those specifying the retained earnings and cash on hand of Stanly Farm, we cannot say the trial court's disallowance of Stanley Farm's claimed bad debt and depreciation expenses in computing [the] defendant's gross income from the corporation was "manifestly unsupported by reason."

*Id*. at 398-99, 515 S.E.2d at 713-14 (citations, ellipses, and brackets omitted).

Here, the trial court's findings indicate it relied upon Defendant's income tax returns and made findings as to his gross monthly income, based upon his income tax returns, with the exclusion of his depreciation deductions as shown on the income tax returns. The trial court acted fully within its discretion as to the evidence it relied upon and these findings are supported by the evidence.

Another difference between this case and *Lawrence* is that here the trial court's Order is clear that it did not allow the depreciation deduction. In *Lawrence*, this Court stated that "it is not clear whether the court considered the depreciation in computing [the] defendant's monthly gross income."[2] *Lawrence*, 107 N.C. App. at 148,

---

[2] It appears that the lack of clarity in how the trial court treated depreciation may have been a result of the complexity of the calculation of the defendant's income in *Lawrence*, as there were findings addressing multiple income sources including

> (1) wages and salaries for 1990, 1989, and 1988; (2) losses from real estate investments for 1990, 1989, and 1988; (3) interest income for 1990, 1989, and 1988; (4) dividend income for 1990, 1989, and 1988; (4) non-reimbursed employee expenses for 1990, 1989, and 1988; and

419 S.E.2d at 181. The lack of clarity in the findings was also the problem in *Craven Cnty. ex rel. Wooten v. Hageb*, 277 N.C. App. 586, 861 S.E.2d 571 (2021), also cited by the majority. In *Hageb*, this Court addressed many issues on appeal but the reason for remand was the lack of findings addressing many factors, including depreciation. *See id.* at 590, 861 S.E.2d at 574-75. The only findings in *Hageb* relevant to the child support calculation were:

> 7. Father is self-employed and has a gross income of $19,454.39 per month.
>
> 8. Mother is self-employed and has a gross income of $1,800.00 per month.
>
> Handwritten next to finding of fact #7, the trial court added: "The Court reviewed tax returns provided by Father. Income from Father's business for gaming and lottery was not included."
>
> Following the court's ninth and final typed finding of fact, two additional findings were handwritten:
>
> 10. Father was given credit for one biological child in his home as his name was listed as the father on the birth certificate. The other birth certificate provided did not have Father's name listed as the child's father.
>
> 11. Father shows significant personal expenses as business expenses on his tax returns.
>
> The trial court did not attach a Child Support Guidelines Worksheet to the order.

*Id.* at 587-88, 861 S.E.2d at 573 (brackets omitted).

---

(5) 'severance pay' for 1989.
*Lawrence*, 107 N.C. App. at 146-47, 419 S.E.2d at 180-81.

This Court stated the findings were "more conclusory than explanatory; they offer us no basis for review of the trial court's application of the law to the evidence presented. *Id*. at 590, 861 S.E.2d at 574. This Court also noted as an "example" that order did not address depreciation at all, and this Court stated that "we are unable to ascertain how the trial court treated depreciation[.] Thus, the findings in this regard are not sufficiently specific to indicate to this Court whether the trial court properly applied the Guidelines in computing Father's gross income, and remand is necessary." *Id.* (citation and quotation marks omitted). But in the case before us, it is very clear that the trial court considered the depreciation and did not "accept the deduction" for depreciation as shown on Defendant's income tax returns.

Last, the *Lawrence* Court noted that "[i]n any event, to the extent, if any, the trial court considered depreciation, the record does not reveal whether the depreciation claimed by [the] defendant was straight line or accelerated." *See Lawrence*, 107 N.C. App. at 148, 419 S.E.2d at 181. The majority focuses on the language from *Lawrence* as to this Court's inability "to ascertain how the trial court treated depreciation" and to determine "whether the trial court properly treated the depreciation as set by the Guidelines." *Id.* But here, the Order states clearly *how* the trial court treated the depreciation – it did not allow this deduction – and the trial court properly considered the depreciation based on the Guidelines, based upon the evidence presented at the trial. Defendant's failure to present any evidence to support a finding that the depreciation was straight-line depreciation and not

accelerated depreciation is simply not a reason for remand. Defendant testified, but he did not testify about how the depreciation was calculated. Defendant's income tax returns including Schedule C and Form 4562 "Depreciation and Amortization" were presented as evidence. On the tax returns, Defendant claimed both "special depreciation allowance for qualified property (other than listed property) placed in service during the tax year" and Modified Accelerated Cost Recovery System (MACRS) depreciation. According to the instructions for Form 4562, "The Modified Accelerated Cost Recovery System (MACRS) is the current method of *accelerated asset depreciation* required by the tax code." *Instructions for Form 4562*, Internal Revenue Service (2023) (emphasis added). Thus, Defendant's evidence tends to show he was taking accelerated depreciation. Under the Child Support Guidelines, as noted by *Lawrence*,

> [s]pecifically excluded from ordinary and necessary expenses is the accelerated component of depreciation expenses or any other business expense determined by the Court to be inappropriate for determining gross income for purposes of calculating child support. Thus, accelerated depreciation is expressly not allowed as a deduction from a parent's income.

*Lawrence*, 107 N.C. App. at 147, 419 S.E.2d at 181 (quotation marks and ellipses omitted).

Defendant's brief states, quite accurately, "[t]here was *no evidence* presented as to what assets were listed as 'depreciation and section 179 expense deduction' on Father's tax returns. There are no Findings of Fact as to what these deductions are

related to." (Emphasis added.) But despite his failure to present evidence on this issue, he has presented the issue to this Court on appeal and argues the trial court erred by not making findings on the very thing about which he presented "no evidence." Mother responds, also accurately, that "Defendant had [his] returns professionally prepared and offered *no evidence* as to whether he and his accountant considered calculated (sic) the figures on the tax return as straight-line or accelerated depreciation." Mother also notes that in *Holland*, cited by Defendant, evidence was presented as to straight-line and accelerated depreciation, and on remand to entry of a new order on another basis, this Court directed that the trial court address that evidence. *See Holland v. Holland*, 169 N.C. App. 564, 568-69, 610 S.E.2d 231, 235 (2005) ("Accordingly, we reverse and remand the order for findings concerning [the] plaintiff's 2002 income and for the entry of a child support order on that basis. [The p]laintiff also asserts the trial court erred in its method of computing his income from his 2001 tax return. Since it is likely to recur upon remand, we deem it necessary to address this issue.").

If Defendant wanted the trial court to consider "what assets" were addressed by the depreciation expenses on his own income tax return, Defendant could have presented that evidence. He did not, nor did he make any argument to the trial court on this issue. Defendant did not testify or argue to the trial court that his depreciation expense, or any portion of the expense, should be treated as straight-line depreciation. Instead, before the trial court, Defendant presented voluminous

evidence of income and expenses of his business including copies of bank statements, invoices, and receipts and argued that his net income should be calculated based on his exhibits *instead* of relying on his federal income tax returns.[3] The only other argument Defendant made on appeal is that the trial court's Order was "[w]hen the amount of [Defendant's] income and the child support amount are considered in light of *the actual facts*, it is clear that the Order is an abuse of discretion." (Emphasis added.) Defendant then contends the trial court should have based its findings on "the actual facts" found in his business records instead of using his income tax returns. But again, the trial court is the sole judge of the weight and credibility of the evidence. *See Berry*, 257 N.C. App. at 417, 809 S.E.2d at 914. The trial court did not abuse its discretion by relying upon Defendant's income tax returns. And if there was any question as to the type of depreciation shown by Defendant's evidence, the burden was on him if he wished to show the depreciation shown on his income tax returns should be treated differently. The trial court noted as much after rendering its ruling. In response to Defendant's counsel's question regarding how the trial court was considering "Defendant's Exhibit number 5," which was his listing of his business expenses, the trial court stated:

> I am going to go by what the tax return says, period. And
> you alluded to that, in passing, about the accountant is not

---

[3] As to these exhibits, Defendant's counsel argued, "These are the actual expenses that he has. *The accountant is not here to explain what goes into accounting and how that works.* So, I think if you want to look at it, the best way is to look, these were his actual expenses. And that comes out again to $1,759, $1,760 per month for 2022." (Emphasis added.)

here. If certain things were important, the accountant would've been here. And I am just not going to entertain that, otherwise. Okay? Thank you.

On appeal, Defendant has not directed us to any evidence in the transcript or the 148 pages of exhibits, including financial records and income tax returns, where we might find evidence the trial court could have relied upon to find the depreciation was straight-line depreciation and not accelerated depreciation. Nor has he directed us to any evidence which would support some other finding as to his gross income, other than his financial records he wanted the trial court to use in lieu of his income tax returns—and those records do not mention depreciation.

For all these reasons, this case is quite different from *Lawrence* and *Hageb*. The trial court's findings are supported by the evidence, and it is not the trial court's job to ascertain how Defendant's depreciation on his income tax return was calculated and whether it was actually straight-line deprecation where Father admittedly presented no evidence which would allow the trial court to make this determination. The trial court's findings state how it treated depreciation and based upon the evidence presented, it treated the depreciation properly under the Guidelines. Under *Lawrence, Cauble, Hageb,* and the Child Support Guidelines, the trial court's Order should be affirmed. I therefore respectfully dissent.